MEEK *et al. v.* ALEXANDER *et al.**

(Division B. Dec. 8, 1924.)

[102 So. 69. No. 24170.]

1. COSTS. *Five per cent, on balance of judgment after partial payment, with reservation to review entire judgment, not authorized.*

Where a judgment embraced a number of questions, and embraced a sum of money adjudged to one of the parties litigant, and the person against whom the judgment is rendered appeals, and the judgment is affirmed on appeal, the five per cent. damages allowed by section 4926, Code of 1906 (section 3202, Hemingway's Code), is calculated on the amount of the judgment as rendered by the trial court, and the payment, after rendition, of a part of the judgment with reservation of the right to review the entire judgment does not authorize the calculation of the five per cent. damages on the balance after such payment.

2. COSTS. *Calculation of interest where partial payment made on interest-bearing judgment stated.*

Where a partial payment is made on a judgment bearing interest, the interest from the date of the rendition of the judgment to the date of payment is first calculated and paid, and the balance of the payment applied to the principal sum of the judgment, and interest calculated upon such balance from the date of such partial payment to the date of final payment. Section 2681, Code of 1906 (section 2079, Hemingway's Code).

*Headnotes 1. Costs, 15 C. J., Section 709, (1926 Anno); 2. Costs, 15 C. J., Section 709, (1926 Anno).

APPEAL from chancery court of Humphreys county. HON. E. N. THOMAS, Chancellor.

Proceedings between G. W. Meek and others, and J. A. Alexander and others. From the judgment rendered the former appeal. On motion to correct judgment (101 So. 502). Overruled in part.

*Wasson, Nelson & Wasson* and *Green, Green & Potter,* for appellants.

The question is as to the interpretation of section 3203, Hemingway's Code. The judgment here was

affirmed and decree rendered for eight thousand two hundred ninety-two dollars and seventy-two cents and under the express language of section 3202: "The damages shall be upon such sum." The language of the statute is so plain that it speaks for itself.

As to interest: The decree, as entered here, calculates interest on the thirteen thousand five hundred eight dollars and ninety-three cents, when, as stated, there had been a payment on the decree of five thousand two hundred fifteen dollars and twenty-one cents on October 27, 1923, and, hence, the proper calculation of interest would be on thirteen thousand five hundred eight dollars and ninety-three cents from October 22, 1923, to October 27, 1923, when the payment was made, and, upon eight thousand two hundred ninety-two dollars and seventy-two cents from October 27, 1923, until paid.

*Moody & Williams,* for appellees.

The motion of the appellees and that of the appellants, raise two questions: First. The amount due by the appellants to the appellees, and the date from which the interest thereon should be calculated; and, second, the "sum of money" on which the five per centum damages should be calculated.

I. The decree, from which the appeal is prosecuted, was dated October 15, 1923, and, among other things, ordered that the appellants pay the appellees thirteen thousand five hundred eight dollars and ninety-three cents. On October 29, 1923, there was paid five thousand two hundred sixteen dollars and twenty-one cents. Therefore, appellees' motion is that the judgment, as entered, be corrected to conform to the facts. Sections 2680 and 2681 of the Code of 1906.

II. Though, at the time the appeal bond was filed, five thousand two hundred sixteen dollars and twenty-

one cents had been paid on the decree, yet, the appeal
was not from a decree for the balance. In other words,
it was not conceded that the decree, even for the amount
paid, was correct. To the contrary, the entire decree
including the amount paid, was assailed. Sec. 4926 of
the Code of 1906; *Tigner* v. *McGehee,* 60 Miss. 242-4;
*Davis etc. v. Wilkins,* 90 So. 180; *Boyd et al.* v. *Apple-
white et al.,* 85 So. 87.

Argued orally by *B. F. Wasson* and *Marcellus Green,*
for appellant, and *C. C. Moody,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

This cause was decided on a former day and judg-
ment entered allowing damages at five per cent. on the
amount of the money judgment in the court below, which
was thirteen thousand five hundred eight dollars and
ninety-three cents. The judgment appealed from em-
braced a number of things besides the money judgment
rendered. After the rendition of the judgment for
thirteen thousand five hundred eight dollars and ninety-
cents, there was paid on the decree five thousand two
hundred fifteen dollars and twelve cents, after which a
*supersedeas* was applied for as to the balance of the
money judgment, and supersedeas was allowed as to the
money judgment on a bond for twice the amount of the
balance of the judgment, and the cause was appealed,
and all of the issues involved in the court below were
reviewed in this court. After the rendition of the judg-
ment and the decision of the cause, two motions were
filed to correct the judgment; one by the appellant and
the other by the appellee. The appellant insists that
the allowance of damages at five per cent. on the thirteen
thousand five hundred eight dollars and ninety-three
cents was error, and that such damages should only
have been five per cent. of the balance of the judgment
after giving credit for the amount paid subsequent to

the rendition of the judgment. The appellee moved to correct the judgment by allowing six per cent. on the decree as rendered from the date of the rendition thereof to the date of the payment made subsequent to the rendition, adding the interest from the date of the rendition to the date of the payment of the principal sum decreed, and then deducting the payment from the principal sum with the interest, and then calculating interest at six per cent. from date of payment on the balance until the time of affirmance.

The damages allowed on appeals when the appellant is not successful, that is to say, when the judgment is affirmed, involves an interpretation of section 4926, Code of 1906 (section 3202, Hemingway's Code), which reads as follows:

"In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property; if the judgment or decree be for the dissolution of an injunction or other restraining process at law or in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained; if the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on the appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value

of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree.''

The receipt for the payment made on the judgment after its rendition recited that it was without prejudice to the appellants' right to have the judgment reversed and restitution made. The section above quoted gives the damages on the sum of money decreed. The damages are not dependent upon superseding the judgment. An appeal may be prosecuted without *supersedeas* and damages accrue if the judgment be affirmed. So the payment made upon the judgment was not a recognition of the appellees' right to recover any sum, and the entire judgment was challenged as being wrongful. The section above quoted is in the nature of a penalty, or a condition of appeal, and affords also the basis of remuneration of the expense to the successful party, and must be calculated upon the sum adjudged or decreed in the court below where the judgment is for a sum of money. We therefore hold that it was not error to calculate the five per cent. upon the thirteen thousand five hundred eight dollars and ninety-three cents, and the motion to correct as to the five per cent. penalty will be overruled.

The subject of partial payments upon judgments and other instruments bearing interest is governed by section 2681, Code of 1906 (section 2079, Hemingway's Code), which provides:

''When partial payments are made, the interest that has accrued to the time of payment, if any, shall be first paid, and the residue of such partial payment shall be placed to the payment of the principal.''

Under this section the interest is calculated up to the date of payment, and is paid, and the balance becomes

the basis of calculation, and the interest calculated on the balance at six per cent. from the date of the partial payment to the date of the affirmance, and the total sum will bear interest from that date forward till paid.

*So ordered.*