BELL *v.* UNION & PLANTERS' BANK & TRUST CO.

(Division B. Dec. 1, 1930.)

[131 So. 257. No. 28854.]

For original opinion, see 158 Miss. 486, 130 So. 486.

Wasson & Wasson, of Greenville, for appellant.

Wilson, Gates & Armstrong and Julian C. Wilson, all of Memphis, Tenn., for appellee.

Anderson, J., delivered the opinion of the court.

The decree in this cause appealed from was affirmed on October 20 of the present year. 130 So. 486. The cause now comes on for hearing on appellant's motion to correct the judgment upon two grounds: (1) That appellee should not have been allowed the statutory five per cent damages on the amount of the decree appealed from; and (2) if allowed the statutory damages, it should have been confined to the unpaid balance of the decree, nineteen thousand seven hundred forty dollars, instead of the full amount of the decree, thirty-two thousand nine hundred dollars.

The statute involved is section 4926 of the Code of 1906, section 3387 of the Code of 1930, which provides, among other things: "In case the . . . decree of the court below be affirmed . . . the Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the . . . decree affirmed be for a sum of money, the damages shall be upon such sum."

The pertinent facts are as follows: Appellant, as executrix of the Bell estate, refused to recognize appellee's claim, upon the ground that it was barred. The appellant had already distributed to all the other creditors forty per cent of their probated claims. The appellee charged that appellant was about to take the funds of the estate to California, and had an order issued, requiring her to bring them into court. This order was complied with. When these funds were brought into court, an agreement was reached by the parties, by which the order was released, and the funds permitted to be withdrawn from the court. Under this agreement appellant was allowed to pay appellee forty per cent of its claim against the estate, which amounted to thirteen thousand one hundred sixty dollars—not as a final payment, but upon the agreement that appellee would refund to appellant the thirteen thousand one hundred sixty dollars if the latter's claim turned out to be invalid. The amount of appellee's claim was thirty-two thousand nine hundred dollars, evidenced by notes. The conditional payment of thirteen thousand one hundred sixty dollars left a balance due by the estate to appellee of nineteen thousand seven hundred forty dollars. The agreement of the parties upon which the thirteen thousand one hundred sixty dollars was paid to appellee was embodied in the decree of the court, which follows:

"In making this distribution to said creditors it (she) shall also distribute forty per cent of the amount of its claim, to-wit, the sum of thirty-two thousand nine hundred dollars, to the petitioner, the Union & Planters Bank & Trust Company of Memphis, Tennessee, without prejudice to her right to object to and resist the payment of this claim in all respects and on all grounds of attack the said executrix may elect and particularly reserving to the said executrix the right to object to said claims on the ground that the same are barred by failure to probate according to law and within the time allowed by law

that it is not a legally probated claim and cannot be legally probated against the said James E. Bell, deceased, or his estate in Mississippi. The said payment to the said Union & Planters Bank & Trust Company shall not, however, be made until the said Union & Planters Bank & Trust Company shall execute and deliver to the said executrix a proper and full guaranty that it will return and restore to her any and all of said amount received to the extent that said amount, or amounts, is held invalid by the final decision of this court, or the Supreme Court, should the matter be appealed to it.

"In other words, the payment is made to the Union & Planters Bank & Trust Company, just like it is made to the other creditors of the said forty per cent, with the agreement and understanding that the validity of said claim is subject to and will be attacked and if it is held invalid the money will be restored to the estate, or if any part is held invalid that part will be restored to the estate, and the Union & Planters Bank & Trust Company will guarantee and bind itself to make full restoration and restitution."

Appellant was contending that appellee's claim was barred, because not probated within six months after publication of notice to creditors. That ground alone was urged by appellant as a reason why appellee's claim should not be paid. The amount of appellee's claim was not disputed—it was thirty-two thousand nine hundred dollars. Appellee filed the bill in this cause to establish its claim, and to sell land to pay creditors, including appellee's claim. The decree appealed from adjudicated that appellee's claim was a just one against the estate of the testator, John G. Bell, and appellant, his executrix; and that the amount of appellee's claim was thirty-two thousand nine hundred dollars. Then the decree ratified and approved, as unconditional, the payment of the thirteen thousand one hundred sixty dollars therefore made by appellant to appellee, using this language:

"4. That payment has heretofore been made under a decree of this court of date February 10, 1926, of forty per cent (40%) of the face of said claim, amounting to thirteen thousand one hundred sixty dollars, subject to said claim being established and allowed; that the payment of said sum of thirteen thousand one hundred sixty dollars on said debt of thirty-two thousand nine hundred dollars to Union & Planters Bank & Trust Company is hereby ratified and approved and is ordered and directed to be treated as a payment of forty per cent of the amount of said claim and is a proper credit thereon.

"5. That the said Union & Planters Bank & Trust Company is therefore authorized to retain said payment of thirteen thousand one hundred sixty dollars as a credit on said claim here now established and allowed for thirty-two thousand nine hundred dollars, leaving a balance unpaid on said claim here now allowed of nineteen thousand seven hundred forty dollars subject however, to the compliance with the further parts of said decree," etc.

1. Appellant argues that the five per cent damages should not have been allowed on any part of the decree, because it was not a money judgment, in the sense of the statute—a judgment which could have been enforced by execution. Undoubtedly, the language of the statute is comprehensive enough to cover the character of decree here involved, and we see no reason why any exception should be engrafted on the statute. It is true that although the decree established appellee's claim, it was not a money decree on which execution could be issued, and it was against the estate alone, and not directly against any of those interested in the estate. Nevertheless, appellant, as executrix of the estate, occupied a trust relation toward the devisees and legatees under the will of the testator, and the creditors of the estate. In contesting the validity of appellee's claim, all parties interested in the estate were represented. The litigation

was for their benefit—it was to protect their interest and rights in the estate.

2. The other question in the case is controlled by Meek v. Alexander, 137 Miss. 117, 102 So. 69. The first paragraph of the headnotes of that case is somewhat confusing. The decision of the court, however, as shown by the opinion, is decisive of the question against appellant's contention. It was held in that case that where a money judgment is rendered against a party litigant, and he appeals therefrom to the Supreme Court, and the judgment is affirmed on appeal, the statutory five per cent damages should be allowed on the amount of the judgment as rendered by the trial court, and the payment, after the rendition of the judgment, of a part thereof, with the reservation of the right to review the entire judgment, does not authorize the five per cent damages alone on the balance of the judgment; but the successful party is entitled to the five per cent damages on the entire judgment appealed from.

Here the appeal involved the whole of appellee's claim, thirty-two thousand nine hundred dollars; for if the court had held that appellee's claim was barred, the conditional payment of thirteen thousand one hundred sixty dollars, under the agreement of the parties and the decree of the court, would have been returned by appellee to appellant.

Motion overruled.