WALKER, Presiding Justice,
for the Court:
ON MOTION TO CORRECT JUDGMENT AND ASSESSMENT OF STATUTORY PENALTY
This cause comes on motion of appellant, Gibson Products Company of Laurel, Inc., to correct judgment and assessment of statutory penalty heretofore entered by this Court on December 14, 1983.
The judgment of the Circuit Court of Jones County in favor of appellee, Robert Martin, against appellant in the amount of $15,000.00 was affirmed by this Court without opinion on December 14, 1983. Upon so doing, this Court also assessed an additional amount of $2,250.00 against appellant, being damages at the rate of fifteen percent as provided for by Mississippi Code Annotated section 11-3-23 (Supp.1983).
The amount of the lower court’s judgment was satisfied prior to appellant perfecting its appeal. Therefore, appellant asserts it was error to assess the statutory damages.
The question presented is whether or not statutory damages should have been assessed a provided for under Mississippi Code Annotated section 11-3-23 (Supp. 1983) which reads in pertinent part: “In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%) as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. “This section clearly mandates that this Court assess damages at the rate of fifteen percent upon affirmance of a lower court’s judgment regardless of whether said judgment has been satisfied prior to an appeal being taken.
In Meek v. Alexander, 137 Miss. 117, 102 So. 69 (1924) we held that where a money judgment is rendered against a party litigant and he appeals to the Supreme Court and the judgment is affirmed, the successful party is entitled to statutory damages on the entire amount of the judgment rendered in the trial court and that a partial payment, after rendition of the judgment, did not authorize the statutory damages to be assessed only on the balance of said judgment.
The Court went on to say:
The section above quoted is in the nature of a penalty, or a condition of appeal, and affords also the basis of remuneration of the expense to the successful party, and must be calculated upon the sum adjudged or decreed in the court below where the judgment is for a sum of money.
102 So. at 70.
Therefore, the assessment of damages at the rate of fifteen percent on the entire judgment as provided for by statute was not error.
MOTION TO CORRECT JUDGMENT AND ASSESSMENT OF STATUTORY PENALTY OVERRULED.
*1330 PATTERSON, C.J., BROOM, P.J., ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.