W. N. TIGNER ET AL. v. LOUISE S. McGEHEE ET AL.

SUPREME COURT PRACTICE. *Damages on affirmance. Effect of supersedeas.*
Where the decree of a Chancery Court for the sale of land to satisfy an indebtedness charged thereon, is, upon appeal, affirmed by this court, the appellee is entitled to a judgment here against the appellant for damages at the rate of five per centum on the value of the property, or the amount of the decree, whichever is the smaller; and this rule as to damages is the same, whether the execution of the decree appealed from has or has not been stayed by a *supersedeas.*

MOTION in Supreme Court.

The appellants in this case appealed, without *supersedeas,* from a decree of the Chancery Court ordering the sale of a tract of land to pay a certain indebtedness declared to be a charge thereupon. This court rendered a judgment affirming the decree of the lower court, and adjudging further " that the appellees do have and recover of the appellants damages at

the rate of five per cent on the value of the land de-
scribed in the final decree of the court below, or on the amount
of the said decree, whichever shall be found to be the smaller,
* * * and that the appellants and their sureties (naming
them) do pay the costs of this cause, to be taxed." There-
upon this motion was made, for the appellants " to correct the
judgment therein so as to omit or exclude the damages awarded
against the appellants." As the motion itself does not state
the ground upon which it is based, that can only be ascer-
tained by reference to the brief of appellant's counsel and the
opinion of the court.

*Frank Johnston*, for the motion.

Sect. 1425, Code 1880, applies exclusively to cases of
*supersedeas*, and is limited to money decrees, or for specific
property, against the appellant. Sect. 1422 provides, gener-
ally, for damages, where there is a personal money recovery,
possession of property, real or personal, * * * the en-
forcement of a lien on property ; then the damages are assessed
on the decree on the value of the property, *i.e.*, on the smaller
sum or value. In the case at bar the appellants are under no
liability to pay the debt due to the complainants, and there
has been no *supersedeas*. Under former statutes, a party
standing thus was under no liability for damages, and what is
more to the point, he was under no liability for damages
where he superseded, — where he was not the debtor. Was
not the evil designed to be cured, the case where he was not
the debtor and had superseded the decree appealed from. If
this is true, then is not this the construction : that the new
statute was designed to apply only to the case of a *supersedeas*
where the appellant is not the debtor, and render him liable
for damages, though not bound for the debt, if he tied the
hands of his adversary.

*W. P. & J. B. Harris*, contra.

CAMPBELL, C. J., delivered the opinion of the court.

The appellee is entitled to judgment against the appellant for
five per cent damages, by virtue of sect. 1422 of the Code of

1880, which provides for damages in cases in which none were allowed by the former law. The right of the appellee to judgment for damages on affirmance is independent of whether or not the judgment or decree appealed from is stayed by *supersedeas*. Damages follow affirmance as a penalty for appealing from a proper judgment or decree.

Motion denied.