## THOMAS & DAVIS *v.* SHELL BROS.

1. CLAIMANT'S ISSUE. *Claim by lienor. Landlord's assignee. Code* 1892, § 4425; *code* 1880, § 1774.

    The assignee of a landlord's claim for rent is entitled to the remedy by claimant's issue, § 4425, code 1892, extending the same to those having a lien upon property seized under execution. *Trice v. Walker,* 71 Miss., 968, cited.

2. SAME. *Bill of particulars. Code* 1892, § 705.

    If it appear on the whole record that plaintiff in execution was not injured thereby, the refusal to require a bill of particulars of a claimant of the property seized is not reversible error.

FROM the circuit court of the first district of Chickasaw county. HON. E. O. SYKES, Judge.

This case was tried *de novo* in the circuit court on appeal from a judgment in favor of Thomas & Davis, plaintiffs, who had seized, under execution, certain cotton produced by one Brasfield, the judgment debtor, on land rented from R. M. Dulaney. Shell Bros., who were in possession of the cotton, made affidavit and gave bond as claimants, and retained the property. Thomas & Davis moved the court to require them to file a bill of particulars or contractual demands under which they claimed the cotton, and a motion was also made by them to dismiss the appeal of Shell Bros. from the justice court, for want of such interest in the property as would entitle them to maintain their claim. Shell Bros. then admitted that they claimed under a transfer from Dulaney of his claim against his tenant, Brasfield, for rent due and in arrear. Both the motion for a bill of particulars and that for a dismissal of the appeal were overruled, and, the trial having resulted in a verdict and judgment for the claimants, Shell Bros., on the overruling of plaintiff's motion for a new trial, they prosecuted this appeal.

*W. S. Bates*, for the appellants.

1. The landlord must not only have a right to an attachment for rents due and in arrear, but he must proceed according to the law in the employment of the summary and extraordinary remedy provided for the enforcement of his right to charge the farm products of the tenant. Ch. 72, code 1892; *Westmorland* v. *Wooten*, 51 Miss., 825–827; *Towns* v. *Bowman*, 23 Miss., 186; *Dudley* v. *Harvy*, 59 Miss., 34–36; *McGill* v. *Howard*, 61 Miss., 411–412; *Cloud* v. *State, use, etc.*, 53 Miss., 663. We assume that until an actual seizure of the cotton under the landlord's authorized process of attachment, and dormant lien thus quickened, the lien given the landlord on the products in controversy was utterly impotent, and it must follow that the ownership and right of property was still complete in Brasfield when the cotton was taken under the execution levy of appellants. *Mayre* v. *Dyche*, 42 Miss., 347–375; *Stamps* v. *Gillman*, 43 Miss., 457–464; *Canterberry* v. *Jordan*, 27 Miss., 96–97.

2. The question before the court in this proceeding, as between these parties, was whether or not Brasfield was due his landlord, Dulaney, any amount in arrear for rent and supplies, and, if so, how much? Less is not required of a landlord when resorting to legal process to force collections of his rents under the provisions of the code chapter giving him a prior lien. Certainly the motion for a bill of particulars should not have been overruled. *Briscoe* v. *McElween*, 43 Miss., 556; code 1892, §§ 202 and 205; *Bank* v. *Hoyt, Bros. & Co.*, 74 Miss., 221; code 1892, § 705.

*Mayes & Harris*, for the appellees.

1. If we analyze chapter 72, code of 1892, and run through all of its provisions, it will be seen that that chapter does not contemplate the adoption of its procedure as against the execution creditor of a delinquent tenant. We submit that a comparison of chapters 139 and 172 will show that so far from

chapter 72 being exclusive remedy for the landlord in such case as against the execution creditor, such chapter does not apply to that case at all, and § 139 is the exclusive remedy, if there be any exclusive remedy.

This is not the case of a stranger whose property has been found upon the demised premises and has been seized by the landlord for his rent in arrears. There are decisions of this court that in such case the remedy provided by statute for the stranger is the sole remedy which he has, and that if he does not avail himself of that remedy he is without any. But the reasoning of those decisions has no application to this case, and it is very clear. Under the common law the property of any stranger found upon demised premises on which the rent was in arrear, was subject to be seized for the rent, and the stranger was without any remedy whatever as against the landlord, and that was all about it. He simply lost his property unless he could in some way make himself whole out of the tenant. When the statute provided that the stranger might reclaim his property from the landlord, the statute was not merely providing a remedy, but was also reversing and setting aside a common law rule of final liability, and was conferring a right of substantial nature which had before no existence whatever, and our supreme court simply decided that inasmuch as that was the effect of the statute, the statute pointing out at the same time how this new right must be availed of, it must be followed. That course of reasoning has no application to this case whatever.

2. The motion for a bill of particulars was overruled by the court, but the bill of exceptions shows that the reason why the court overruled it was that the claimants admitted that their claim of ownership, set up by the affidavit, to the cotton in question was based upon the transfer of the claim of Dulaney, landlord, against Brasfield for rents due and in arrear. The court seemed to think that this statement conveyed all the information needed. The plaintiff in

execution objected, but their bill of exceptions does not show that they made any showing to the court for more specific details, and in the argument of this case counsel does not point out any particulars in which his client has been wronged or misled.

WHITFIELD, J., delivered the opinion of the court.

*Trice* v. *Walker*, 71 Miss., 968, is conclusive of the correctness of the action of the learned circuit judge. That decision points out the fact that § 4425, code 1892, adds to § 1774, code 1880, the clause "or to have a lien on," and expressly declares that the former section "certainly gives the right to a mere lienor to interpose a claim, regardless of possession or the right of possession." The appellants were advised that the claimants were asserting the landlord's lien, and, if it would have been more correct to have sustained the application for an itemized bill of particulars, it is obvious from the whole record that they have suffered no damage by the action of the court in overruling it; so that, if error, it was not reversible error.

*Affirmed.*