CHARLES S. DENEEN, Governor, *et al.*

*v.*

MARIE UNVERZAGT *et al.*

*Opinion filed February 21, 1907.*

1. EMINENT DOMAIN—*when the State is liable for costs and attorney's fees.* Section 3 of the act of 1905, (Laws of 1905, p. 76,) creating a commission to acquire a site and erect a building for the department of justice, expressly authorizes such commission to proceed under the Eminent Domain act in acquiring a site, and, being without limitation, entitles the State to the same privileges and subjects it to the same liabilities as other parties proceeding under the Eminent Domain act, including liability for costs and attorney's fees, where the commission elects not to take the property and dismisses its petition.

2. Costs—*provision exempting State from costs may be superseded by particular enactment.* Section 17 of the Costs act, which provides that the defendant shall not recover costs where an action begun by the People is discontinued or non-pros'd or the verdict shall pass against the plaintiff, is superseded by the act of 1905, creating a commission to acquire a site and provide a building for the department of justice, in so far as the two acts are in conflict.

3. SAME—*what proof is sufficient to authorize allowance of attorney's fees.* Where the petitioner in condemnation elects not to take the property and dismisses its petition, proof that the attorneys for the defendant have rendered services, coupled with proof of what is a reasonable and just fee for such services, justifies an allowance for such fees, even though there is no proof that the defendants have paid any amount to the attorneys for their fees.

APPEAL from the Circuit Court of Sangamon county; the Hon. O. P. THOMPSON, Judge, presiding.

W. H. STEAD, Attorney General, (EDGAR ELDREDGE, and BROWN, WHEELER, BROWN & HAY, of counsel,) for appellants.

J. A. CONNOLLY, E. L. CHAPIN, CONKLING & IRWIN, SMITH & FRIEDMEYER, and W. L. GROSS, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

By an act of the legislature of this State approved May 18, 1905, (Laws of 1905, p. 76,) authorizing the creation of a commission to procure a site and erect a building for the use of the department of justice, it is provided in section 3 that it shall be the duty of said commission to select a suitable site on some of the lands or grounds owned by the State in the city of Springfield for the erection of said building, or if, in the opinion of the commission, no suitable site can be selected on grounds already owned by the State, then said commission may select some other site in said city and acquire title thereto either by donation, purchase or condemnation, and said commission is invested with power to obtain the title to any site so selected by condemnation under the Emi-

nent Domain law of said State. In pursuance of this authority and in obedience to the duty imposed upon it, the commission, on January 22, 1906, filed a petition in the circuit court of Sangamon county for the purpose of condemning certain real estate belonging to the several appellees in the city of Springfield. The case was heard at the March term, 1906, and a verdict returned fixing the just compensation of the various defendants. After several applications on behalf of the property holders to have the commission elect whether it would take the property so condemned or not, an order was entered to that effect, and on April 22, 1906, it elected to abandon the proceedings and dismiss the petition. Thereupon the property holders filed motions in said circuit court to tax attorney's fees and costs of the condemnation proceeding against the petitioner, which motion was allowed, and on evidence heard in open court as to the reasonableness of attorney's fees in each of the several cases, judgments were entered in favor of VanHorn for $500, Myers and VanDuyn $500, Bettie Stuart Institute $1250 and Marie Unverzagt $500. To reverse those judgments this appeal is prosecuted.

It is contended on behalf of the appellants that the commission charged with the duty of procuring a site for said building was simply an agent of the State, and therefore a judgment for attorney's fees and costs could not properly be rendered against the commission, the same being, in effect, a judgment against the State. We do not understand counsel to contend that there is any constitutional prohibition against judgment being rendered against the State for costs and attorney's fees.

Our attention is called to section 26 of article 4 of the constitution, which provides that the State shall never be made a party defendant in any court of law or equity. The State, however, was not in any sense a party defendant in the condemnation proceeding, but was the petitioner, and therefore section 26, *supra,* has no application to the question at issue.

Our attention is also called to section 13 of article 2 of the constitution, which is to the effect that when private property shall be taken for public use, compensation therefor, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law. This section is also without application to the case, for the reason that the condemnation proceeding was begun under specific authority conferred upon the commission by the legislature.

The general rule undoubtedly is that the State is never liable for costs unless made so by some provision of the statute. In the Encyclopedia of Pleading and Practice (vol. 5, p. 151,) the rule is announced as follows: "At common law the rule was that the king should neither pay nor receive costs, as the former was considered his prerogative and the latter beneath his dignity; and the general terms of statutes giving costs did not include the sovereign. The same principle has been applied in this country in suits, either civil or criminal, in which the Federal or State governments, including municipal corporations when acting as a State agency, are parties; and thus they are liable only in the event of express statutory provision, which, however, is now quite general." (To the same effect see 20 Ency. of Pl. & Pr. p. 592.) The same rule was recognized by this court in the case of *People* v. *Pierce*, 1 Gilm. 555, where it is said: "A State is never bound to give a bond for costs in any case, neither does it ever pay costs except in some particular way pointed out by the statute."

Section 3 of the act creating the commission authorizes the commissioners, if in their opinion no suitable site could be selected on grounds already owned by the State, to select some other site in the city of Springfield and acquire title thereto by condemnation, "under the Eminent Domain law of said State." The commission, acting under and in pursuance of the authority thus conferred, saw fit to begin this condemnation proceeding, and the power given carried with it the authority to subject the State to the payment of costs.

The provision of the act in this regard was without limitation or qualification, thus entitling the State to the same rights and subjecting it to the same liabilities as private parties seeking to take private property. Section 10 of chapter 47, (Hurd's Stat. 1905, p. 1010,) with reference to condemnation of private property, provides that if the petitioner shall dismiss his petition after verdict and before the entry of the final order, or shall fail to make payment of full compensation within the time named in the order, then the court or judge shall, upon application of the defendants, make such order for the payment by the petitioner of all costs, expenses and reasonable attorney's fees paid or incurred by said defendant as upon the hearing of such application shall be right and just. As we have seen, the commission elected not to take the property and to dismiss its petition. The defendants made application, under the foregoing provision, for the allowance of their costs and attorney's fees. In view of the fact that the statute expressly authorized the proceeding under the Eminent Domain law, neither the commissioners nor the State ought to be allowed to abandon it without being required to comply with the express requirements of section 10, *supra,* and the court committed no error in so holding.

Section 17 of chapter 33 (Hurd's Stat. 1905, p. 556,) is cited and relied upon by counsel for appellants. It provides that in all suits and actions commenced or to be commenced for or on behalf of the people of this State, or the Governor thereof, or for or on behalf of any county, then and in such case, if the plaintiff shall recover any debt or damages in such suit, the plaintiff shall also recover costs as any other person in law cases; but if such plaintiff suffers a discontinuance, or be non-suited, or non-pros'd, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever. We do not understand counsel to contend that the legislature was without authority to pass a statute in conflict with the provisions of that section if it saw

fit to do so. While under that section the State is not liable for costs in a case where it is the plaintiff, yet the General Assembly had full power and authority to make it liable. The statute appointing the commission for the purpose of selecting the site and erecting the building was passed subsequent to section 17, and that section must yield in so far as it is in conflict with the act creating the commission and conferring power upon it. It is also a well known rule of construction of statutes that an act relating to a particular subject will prevail even over a contrary general statute. *People* v. *Rose*, 166 Ill. 422; *People* v. *Kipley*, 171 id. 44; *Dahnke* v. *People*, 168 id. 102.

It is further objected that the court committed error in entering judgment for attorney's fees because there was no evidence that such fees had accrued or had been paid by the defendants. Section 10 of the Eminent Domain act, above referred to, provides that upon the failure of the petitioners to take the land the court may make an order for the payment of costs, expenses and reasonable attorney's fees of such defendants paid or incurred by them in defense of said petition, the amount to be right and just. While the evidence does not show that the defendants have actually paid their attorneys any amount in satisfaction of their fees, yet it does show, without contradiction, that the services have been rendered by the attorneys employed by the appellees, and that the amount allowed was in each case a reasonable and just fee for the work done. In the absence of all evidence showing or tending to show that the fees allowed were not just and reasonable and the usual and ordinary fees charged for like services, we cannot say the court below erred in its judgment allowing the same.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*