HENRY GREENBURG v. WILLIAM MASSEY.

[43 South., 1.]

JUSTICE OF THE PEACE. *Pleadings. Statement of cause of action.*
    *Code* 1892, § 2401.

The filing of an affidavit simply charging that defendant is justly
    indebted to plaintiff in a designated sum does not comply with
    Code 1892, § 2401, requiring any one desiring to sue before a
    justice of the peace to lodge with him "the evidence of debt,
    statement of account or other written statement of the cause of
    action" of which the suit is predicated.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Massey, the appellee, was the plaintiff in the court below and
Greenburg, the appellant, was defendant there.   From a judg-
ment in the court of a justice of the peace in plaintiff's favor
the defendant appealed to the circuit court; and from the judg-
ment of the circuit court in favor of plaintiff defendant ap-
pealed to the supreme court.

The plaintiff, Massey, brought suit against the defendant in
the court of one Harrell, a justice of the peace, by filing an
affidavit, which simply averred that defendant was justly· in-
debted to plaintiff in the sum of $160.

The defendant, Greenburg, appeared in the justice's court,
and judgment was rendered against him for $135, alleged
damages to a horse hired by defendant from plaintiff.   The
defendant appealed to the circuit court, and there demurred
to plaintiff's affidavit (treating the same as a declaration), be-
cause no evidence of debt had been filed in the justice's court
as required by Code 1892, § 2401, providing that anyone de-
siring to sue before a justice of the peace shall lodge with him
the evidence of debt, statement of account, or other written

statement of the cause of action. The demurrer was over-ruled and defendant moved the court to require plaintiff to furnish a bill of particulars, but the motion was also overruled. In the circuit court, the plaintiff was permitted to prove his claim against the defendant for alleged damages to a horse defendant had hired from plaintiff and overdriven and mal-treated. The jury returned a verdict in plaintiff's favor for $125, and judgment against defendant, based thereon, was rendered accordingly, from which the defendant appealed to the supreme court, assigning for error, among other things, the failure of the defendant to file a written statement of his cause of action as required by the statute.

*Quin & Williams,* and *F. H. Lotterhos,* for appellant.

The case must be reversed, because the plaintiff did not file a written statement of his cause of action at the commencement of his suit. Code 1892, § 2401.

The mere filing of an affidavit by plaintiff that the defendant, Greenburg, was justly indebted to plaintiff, Massey, in the sum of $160, was insufficient.

The defendant made timely objection to the cause's proceeding further with the pleadings in such condition, by his motions before the introduction of evidence, in the circuit court.

It is true that the pleadings in the court of a justice of the peace are informal, but there must be some basis absolutely required upon which to found a suit in that court. The requirements are very simple, but they must be complied with.

On inspection of the affidavit, can one tell the nature of the demand? Is it based on contract? Or is it *ex delicto?* What is the nature of the demand? There must be such a written statement of a cause of action, under Code 1892, § 2401, as can be successfully pleaded as *res judicata* by the defendant, if sued again on the same charge or demand. *Butts* v. *Phelps,* 79 Mo., 302.

*Mixon & Butler,* for appellee.

No pleadings are required in the court of a justice of the peace. A statement of account by plaintiff is sufficient for the commencement of a suit. Code 1892, § 2401.

It is within the discretion of the trial court to grant or refuse bills of particulars. No effort was made by defendant to satisfy the court by affidavit or otherwise that for the purposes of his defense on the trial it was necessary that his adversary be more specific. Defendant failed to follow the requirements of the statute, Code 1892, § 705, in demanding a bill of particulars.

While it may be that the more correct procedure would have been for plaintiff to file a bill of particulars, yet, where it is obvious, as in this case, that the defendant suffered no embarrassment for want of the same, there can be no reversible error because of plaintiff's failure to furnish it. *Thomas* v. *Shell,* 76 Miss., 556, 24 South. Rep., 876. There was no application by defendant, Greenburg, to require the plaintiff to make the pleading more definite and certain, or to strike it from the files, as provided by Code 1892, § 704.

Argued orally by *F. H. Lotterhos,* for appellant, and by *George Butler,* for the appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The statute (§ 2401, Ann. Code 1892) requires a written statement of the cause of action. The widest liberality that can be indulged as to pleadings in the courts of justices of the peace cannot cover a total failure to file any written statement of the cause of action whatever. The true rule is that there must be such a written statement of the cause of action as can be successfully pleaded by the defendant, if sued again on the same cause of action—such a statement as will give the defendant the benefit of a plea of *res judicata.* This is clearly shown by the case of *Butts* v. *Phelps,* 79 Mo., 302.

The case of *Thomas* v. *Shell Bros.,* 76 Miss., 556, 24 South., 876, is in perfect harmony with this. We have examined the original record in that cause (*Thomas* v. *Shell Bros.*), No. 8692 of this court. We find that the statement therein did show the real ground of action, but misnamed it merely. The statement was for "services as bookkeeper." It was amended to "salary" as bookkeeper. The thing sued for was the value of the bookkeeper's work, whether called "services" or "salary." The language of the opinion is somewhat too broad, but the decision is in perfect harmony with our own. The court, therefore, erred in not requiring a proper statement of the cause of action to be filed. The defendant was not apprised, by the one filed, whether the action was in tort or contract, or for what the suit was brought.

*The judgment is reversed, and the cause remanded, with leave to amend.*