STEWART *v.* STATE HIGHWAY COMMISSION *et al.*

(Division A. May 15, 1933.)

[148 So. 218. No. 30634.]

W. U. Corley, of Collins, for appellant.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for the appellee.

Argued orally by **W. U. Corley**, for appellant, and by **E. R. Holmes, Jr.,** for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant instituted this suit against the appellee state highway commission and R. B. Knight, an employee of the appellee commission, seeking to recover damages for personal injuries sustained in an automobile collision alleged to have been caused by the negligence of the said employee of the appellee. To the declaration, the state highway commission demurred on the ground that, "being an arm or branch of the state government, it is not liable for the negligent or tortious acts of its officers, agents and employees." This demurrer was sustained, and, from a final order dismissing the suit as to the highway commission, this appeal was prosecuted.

The acts of the Legislature creating the state highway department, and prescribing the qualifications, duties, and liabilities of the state highway commission created thereby, appear as chapter 122, Code of 1930 (sections 4989 to 5021 inclusive). The powers granted to the commission are set forth in section 5006, Code of 1930, subsection (c) of which provides that it shall have the power "to enforce by mandamus, or other proper legal remedies, all legal rights or rights of action of the state highway commission with other public bodies, corporations, or persons, and the state highway commission shall be a body corporate, and as such may sue and be sued, plead and be impleaded, in any court of justice having jurisdiction of the subject-matter of any such suit."

In the case of State Highway Commission v. Gulley (Miss.), 145 So. 351, in construing this section, it was held that a general statutory grant of authority to sue a governmental subdivision or agency does not create any liability, and suit may be maintained thereunder only

for such liability as is authorized by statute; and that the provision of said section 5006 that the state highway commission, an agency of the state, may sue and be sued, does not create any liability or authorize suit against it for any liability not authorized by statute, either expressly or by necessary implication.

The case of Stephens v. Beaver Dam Drainage District, 123 Miss. 884, 86 So. 641, was an action of tort against a drainage district organized under chapter 195, Laws of 1912, as amended by chapter 269, Laws of 1914. These acts contained the general provision that districts organized thereunder should, in their corporate name, have power to sue and be sued, but it was held that the district was not liable for the negligence of its agents, or employees, the court saying that, "in the absence of a valid statute imposing liability therefor, a public corporation created in invitum for the purpose of discharging a public function is not liable for the negligence of its officers, agents, or employees."

In the case of Dick v. Drainage & Levee District, 147 Miss. 783, 113 So. 897, which was a suit against a drainage district organized under said chapter 269, Laws of 1914, it was again held that "a puplic corporation, created in invitum for the purpose of discharging a public function, is liable only for the authorized acts of its officers and agents, in the absence of a statute otherwise providing." To the same effect is the case of Nugent v. Board of Mississippi Levee Commissioners, 58 Miss. 197. Upon the question presented by this appeal, these cases are controlling. It clearly appears that the general statutory grant of authority to sue the appellee commission does not impose liability for the negligence of its officers, agents, or employees, and there is no other statute imposing such liability. The judgment of the court below will therefore be affirmed.

Affirmed.