STATE HIGHWAY COMMISSION *v.* MASON.

(In Banc.   Nov. 10, 1941.)

[4 So. (2d) 345.   No. 34689.]

(In Banc.   Feb. 23, 1942.)

[6 So. (2d) 468.   No. 34689.]

Greek L. Rice, Attorney-General, by Russell Wright, Assistant Attorney-General, for appellant.

G. Q. **Whitfield,** of Jackson, for appellee.

Greek L. Rice, Attorney-General, by Russell Wright, Assistant Attorney-General, for appellant, on motion to correct judgment.

G. Q. Whitfield, of Jackson, for appellee, in reply to motion to correct judgment.

Roberds, J., delivered the opinion of the court.

Appellee sued appellant in a justice of the peace court, the statement of her claim reading as follows:

"To use and occupation and damages, both actual and punitive, for parking, both day and night, on the driveway and yard at her store and filling station and home, at the intersection of Highway 49 and Camp Kickapoo Road, of 2 caterpillar road machines, 2 graders, 6 trucks and several automobiles, during the months of December 1939 and January and February, 1940, in the sum of $200.

"Plaintiff alleges that some representative of the State Highway Commission of Mississippi in December 1939, while said Commission was doing some highway work with its various machines above mentioned, near her store and filling station and home, located as aforesaid, requested permission to park their machines for one night only on said driveway and yard, to which she consented, but when they continued to bring them there night after night she protested promptly, and insisted on their not parking any of said machinery there any more, for the reason that they proved an inconvenience, annoyance and nuisance to her, and interfered seriously with her operation of her store and filling station efficiently and satisfactorily, and in addition the machinery was so heavy that after a rain it would make ruts in the driveway and yard, but plaintiff alleges that although she protested to the men in charge of said machinery and wrote three letters to Commissioner Roebuck, who ignored them, that they continued to park them on her driveway and yard over her protest for a period of about three months, and she was a helpless widow and unable to force them to stop parking there, with the result that during said time it rained a good deal and said heavy machinery cut big ruts in her driveway and yard, and they blocked the light from her windows, and disturbed her with their noises and, in fact, were a general nuisance to the extent that said wilful, and unlawful trespasses affected her health and made her sick and very nervous and unable to attend to her business properly.

"Wherefore, plaintiff alleges that the State Highway

Commission of Mississippi, by reason of said unlawful trespasses over her repeated protests on her driveway and yard, at her house and by reason of the actual damage done to said driveway and yard, and of the nuisance of having them parked there every night and taken away every morning greatly inconveniencing and annoying her daily and nightly, and making her sick and on account of the wilful wrong involved became indebted to her for use and occupation and damages, both actual and punitive, in the total sum of $200.00 together with all costs.''

From an adverse judgment appellee appealed to the county court of Hinds County. Here appellant demurred to the declaration, which demurrer was overruled, and, appellant declining to further plead, a final judgment was entered against appellant for $100, which judgment, on appeal by appellant, was affirmed by the circuit court, from which judgment this appeal is prosecuted. The amount of the damage was fixed by agreement of the parties and we do not know the elements thereof, but the arguments on this appeal are based alone upon land damage, and in this opinion we only deal with such damage.

Appellant, in its brief in chief, raises, but does not press, the failure, as it asserts, of the declaration to state that the parking of the machinery was by authority of appellant. Aside from the laxity of formal pleading indulged in the justice of the peace courts, we think the statement of the claim, looking through the form to the substance (Smith Co. v. Jones, 75 Miss. 325, 22 So. 802), and taken in its entirety and fairly interpreted, does state that the parking was with the knowledge and authority of appellant. It alleges the commission was doing highway work near her home, using this very machinery on that work, and that representatives of the commission in charge of the machinery brought it to her home, and requested permission to leave it one night, which was granted, and that she thereafter orally protested such parking, and she wrote three letters to one of the commissioners also protesting such parking, without a reply.

This parking continued for some three months, day and night, when the machinery was not being used on this work. The demurrer admits these statements, and others of the claim bearing on this question, are all true. Now, just as a matter of common sense, can it be reasonably said that this quantity of large machinery could be so parked for three months, while being constantly used by the commission on the public highway, without the knowledge and consent of the person in charge of the operations, who would possess implied, even though he did not have actual, authority to arrange for the parking of the machinery?

In addition, one of the commissioners had actual knowledge of such parking and heeded not the protest against it, thereby approving such acts.

On the fundamental question of liability, appellee contends that under the stated circumstances appellant is liable to her under Section 17 of the Constitution of Mississippi, properly construed in connection with the various provisions of the Highway Department laws of the state. The able attorney general in his brief for appellant states the proposition in these words: ". . . his (counsel for appellee) suit is not based on a contract and he has no right of action in tort, unless that tort be a trespass which is actionable under the self-executing provisions of Section 17."

Section 17 of the Mississippi Constitution provides: "Private property shall not be taken or damaged for public. use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; . . ."

Chapter 122, Sec. 4989 et seq., Code of 1930, provides for an elaborate state-wide public highway system to be administered by three commissioners, a highway director, a chief engineer, secretary and other employees. The main object is to lay out, construct, alter, and keep in repair a comprehensive network of public highways throughout the state. It is a matter of common knowl-

edge and public record that it has taken over, altered, changed, repaired, located, relocated and constructed thousands of miles of such highways and has expended millions of dollars for such purpose. To accomplish this, there must needs be many contacts and negotiations between appellant and private owners of lands. It is also necessary that the commission should have, and it does have, extensive and far-reaching powers. It has the power to acquire and hold title to rights-of-way and other property to fulfill its functions. It may so acquire by contract, purchase, gift, or otherwise, such property. It has the power of mandamus and eminent domain. It is expressly enjoined by the law "so far as possible, all rights-of-way shall be acquired or contracted for before any route is definitely located," thereby recognizing that methods other than those named might be used in acquisition of such property. It has power to acquire, use and operate all machinery and equipment necessary for doing its work. The law expressly enjoins that it "shall use diligence to protect growing crops and pastures, and to prevent damage to any property not taken," thus recognizing that damage other than the actual taking of title might be caused. And to perform its functions, the commission has the power "to authorize the employees of the state highway department to enter upon private property for such purposes." And for all of the foregoing, and other necessary, things it has the power to pay out of the "construction fund." Sec. 4998, Code 1930.

It is a body corporate with the right to sue and be sued, and arrange for the care and housing of its machinery and equipment. Sec. 5006(c), (p), Code 1930.

Appellant cites and relies upon the cases of Pearl Realty Company v. State Highway Commission, 170 Miss. 103, 154 So. 292; Stewart v. State Highway Commission, 166 Miss. 43, 148 So. 218; State Highway Commission v. Knight, 170 Miss. 60, 154 So. 263; and Stephens v. Beaver Dam Drainage District, 123 Miss. 884, 86 So. 641.

The Realty Company case involved the validity of a

three-year lease of office space when the commission had only authorized a two-year lease. It is not in point here.

The Stewart case involved the liability of the commission for personal injuries to plaintiff resulting from an automobile collision alleged to have been caused by the negligence of an employee of the commission, and, likewise, is not in point here.

The Knight case is perhaps the strongest case to be found in this state in support of appellant's contention. In the opinion of the writer, it went the extreme limit in holding non-liabilty on the part of the Highway Department, but it is readily distinguishable from the case at bar. The action there was for damage to land of plaintiff, situated some three-eights of a mile from the highway, caused by the digging of ditches by the commission "on each side and parallel with this highway, which changed the channel of the creek, carried the water thereof a short distance from the place where it formerly crossed the highway, and discharged it again into Barlow creek, causing, according to the evidence for the appellee, an increased and more rapid flow of water in Barlow creek, resulting in its overflowing its banks and spreading out over a portion of the appellee's land." The case reiterated the formerly announced rules that (1) "in the absence of a statute so providing, a public corporation created in invitum and supported by taxation is not liable for damages caused by the negligent acts of its officers and agents; their negligent failure to discharge a duty imposed on the corporation by law;" (2) the doing of unauthorized acts, and (3) the negligent doing by them of authorized acts, and denied liability because "a suit against it will lie only for liability imposed by a statute." But the court then said, "The effect here of section 17 of the Constitution was discussed, among other cases, in Stephens v. Beaver Dam Drainage District, supra."

Turning to the Stephens case, we find it was an action for damage to lands of plaintiff alleged to have been caused by the negligence of the district in so digging one

of its ditches as to cause the water to run the wrong way and to collect and pond on appellant's land. The court held that there was no special statute authorizing recovery and that Section 17 of the Constitution did not impose liability for "unauthorized" acts of the officers and agents of the district.

Thus it is seen that both the Knight and the Stephens cases are based upon negligence and lack of authority of the agent.

In the case at bar, there is no question of negligence or unauthorized acts—no negligence because it is not claimed the vehicles were not properly parked, or the damage was enhanced by negligent parking, and we have hereinbefore decided the declaration shows the parking was by authority of the appellant. That such parking was a wrong against the rights of appellee is true, but such wrong does not relieve the commission of liability. Suppose the commission, without agreement with or permission of the landowner, and without resort to eminent domain, should construct a highway across privately owned lands, would the wrong relieve it of the duty to pay for the lands so taken?

But the acts in the case at bar are fundamentally different from the Knight and Stephens cases in another vital respect. The parking of this machinery was during the course, and a necessary part of, or a reasonably essential incident, or convenience, to, the work then being done. The machinery must needs be parked somewhere. The commissioners evidently thought that parking at this particular place was conducive to the efficient and economic performance of the work. It could not be parked on the public highway. It is not to be supposed that the commission owned parking lands along and adjacent to the route of construction, or repair, as the work progressed. The fact that it was parked on appellee's property shows that it did not so own. Naturally, it requires considerable space on which to park this heavy, cumbersome machinery. Naturally also, time, economy, expense, and

the blocking of public traffic, prevented its being driven over the public highways back and forth, morning and evening, from and to the place of work to some central distant parking place owned by the commission, had it owned such place.

Appellant's contention, simply stated, is that, while it had the right and power and it was its duty to arrange by contract with this lady for the use of her property for parking purposes, yet, having refused to do that, and having used the property and damaged it over her protest, this very wrong relieves it of the duty to pay her. Under that logic, it would be greatly to the financial advantage of the commission to always refuse to negotiate, or follow legal procedure, in taking the property of individuals. Can it be correctly said that the Highway Department, during the course and as an essential part of its work, can run its machinery into the yards and at the homes, over the protest of the home-owners of the state, damaging their land, and not be required to pay for such damage? That is this case in a nutshell.

In Thompson v. City of Philadelphia, 180 Miss. 190, 177 So. 39, 40, plaintiff sued the city for damages because of sewer disposal through and over his land, resulting in offensive odors, pollution of water for livestock and other purposes, and damage to his lands. The city obtained an instruction denying the right of the jury to find for the plaintiff unless it believed the damage resulted from the negligent construction and maintenance of the sewerage system. The court held, ''Section 17 of the Constitution is controlling; it provides, among other things, that 'private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof;' and it applies to the state, as well as all of its political subdivisions, including municipalities, and regardless of whether the taking or damaging is in the exercise of governmental action or not,'' citing numerous cases. Further, ''. . . liability does not depend on improper construction and maintenance. The

city is liable for any special and different damage suffered by appellants, not common to the general public, caused by the construction and maintenance of its sewerage system whether properly constructed and maintained or not. In other words, the liability under section 17 of the Constitution is not dependent on negligence but on the taking or damaging.''

The case of Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162, in principle, is analogous to the case at bar. That was an action to recover damages resulting from the raising of the highway and the cutting of a ditch beside it in front of the residence of plaintiff, rendering (according to the declaration) ''. . . it impossible for plaintiff to enter his premises from the front with any kind of vehicle or to park any kind of vehicle in front of his said premises, and has made a dangerous pitfall immediately in front of his premises, and has taken part of his right, title and interest in said property, and has otherwise injured and damaged his said property . . .'' It was there contended, as here, that no statute existed permitting recovery and that Section 17 of the Constitution was not applicable; that the property of plaintiff had not been taken or damaged within the meaning of that section. The Knight case was the main reliance of the commission there. Referring to the various provisions of the Highway Act, the court said: ''We say here that by implication the statute authorized the payment not only of compensation for the land, but for damages as well, and conferred all the powers embraced within the eminent domain chapter upon the state highway commission. But, if we should be mistaken in this view, section 17, Constitution of 1890, is self-executing. Prior to the adoption of this Constitution the Legislature could limit a landowner's recovery to compensation for the land appropriated for public use, but as section 17 now exists it is quite clear that any effort on the part of the Legislature to shield the government or any arm thereof from payment of damages occasioned by it on

the appropriation of land would be futile and of no effect. Before our Constitution was adopted, sections similar to the one here under consideration had been construed by the courts of other states as being self-executing. Section 17 of the Constitution is mandatory.'' The opinion cites a number of authorities in support of that statement. The court further said, ''The common-law remedy existing in favor of the property owner for damages to his property, beyond the appropriation thereof, is clear in this case. The Legislature has granted the highway commission in express terms the right to sue and to be sued.''

It would be a mockery for the Constitution to guarantee a right to the property owner, and a duty on the taker thereof, and leave the enforcement of both dependent upon the legislative will. Section 24 of the Constitution provides, ''All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay.'' One of the foundation pillars of our system of government is the right of private ownership of property and to the possession and lawful use thereof; such right is essential to the liberty and freedom of a people. ''The prime object of the Bill of Rights is to place the life, liberty, and property of the citizen beyond the control of legislation, and to prevent either Legislatures or courts from any interference with or deprivation of the rights therein declared and guarantied, except upon certain conditions.'' Swift & Company v. City of Newport News, 105 Va. 108, 52 S. E. 821, 824, 3 L. R. A. (N. S.) 404.

It is not necessary for us to decide whether the various provisions of the highway laws afford remedy to this wronged landowner. Section 17 of the Constitution guarantees the right and it is self-executing and is applicable to this case.

Affirmed.

**Smith, C. J.**, delivered a concurring opinion.

The State Highway Commission is an administrative agency of the state created by it for the purpose of constructing and maintaining public highways, and it has only such power and authority as the state by a statute has conferred upon it. It is financed entirely by the state and any judgment rendered against it for the payment of money must be paid by the state with money appropriated by the legislature from its treasury for that purpose. This action therefore is in effect one against the state. Paragraph (c) of Section 5006, Code of 1930, permits the Highway Commission to be sued but authorizes judgments to be rendered against it only on liabilities imposed on it by the Constitution or a statute. State Highway Commission v. Gully, 167 Miss. 631, 145 So. 351, 352; Stewart v. State Highway Commission, 166 Miss. 43, 148 So. 218. Under Section 17 of the Constitution the owner of land damaged for public use has a right of action therefor against any natural person and any artificial person which the state permits to be sued by whom the damage was inflicted. Parker v. State Highway Commission, 173 Miss. 213, 162 So. 162. Because of Section 5006 of the Code and Section 17 of the Constitution only two questions can here arise. (1) Has the state by any statute authorized the Highway Commission to enter upon and use privately owned property for a public purpose? Should this question be answered in the affirmative, then (2) did the appellant expressly or impliedly authorize its employees to enter upon and use this appellee's land?

Section 4998, Code of 1930, authorizes the State Highway Commission when constructing or maintaining a highway "to enter upon private property for such purposes." Whether an entry upon private property is necessary for such purpose is for the initial determination of the commission, and when made, though it be erroneous, binds the commission, and through it the state, from which it necessarily follows that under Section 17

of the Constitution the commission is liable for any damage caused by its entry upon and use of privately owned land.

The second of these questions and any subsidiary question growing out of it is not presented by this record, as will hereinafter appear, and therefore requires no expression of opinion thereon. The appellee's written statement of her cause of action required by Section 2078, Code of 1930, does not allege that the commission authorized its employees to enter upon and use the appellee's land, but so to allege was not necessary. The test of the sufficiency of such a statement of a cause of action is whether it discloses the nature of the plaintiff's claim and is specific enough to bar a subsequent action by the plaintiff against the defendant. Greenburg v. Massey, 90 Miss. 121, 43 So. 1, 35 C. J. 617. Both of these requirements are here present. The appellant was not required to file any written pleading to the appellee's statement of her cause of action, and when its demurrer was overruled the court below, had it been so requested, would have been obliged to proceed with the trial of the case, in which event it would have become necessary for the appellee to prove that the appellant expressly or impliedly authorized its employees to enter upon and use her land. This necessity, however, did not require her to so allege in her written statement of her cause of action, the rules of pleading in other courts not being applicable to the court of a justice of the peace.

**McGehee, J.,** concurs in this opinion.

**Griffith, J.,** delivered the opinion of the court on motion to correct judgment.

On a former day we affirmed the judgment of the trial court, which, as seen from the main opinion, was based upon the self-executing provisions of Section 17, Const. 1890. In entering the judgment of this court, the clerk

added (1) interest at the usual legal rate on the amount of the judgment from the date of the original rendition thereof, and (2) the five percent damages on the amount of the judgment usually allowed when money judgments are affirmed, and (3) taxed the commission with the costs of the appeal. The Highway Commission has requested, by motion to correct, that the three additional items be stricken from the judgment as entered by the clerk of this court; and in support of the motion the commission has cited an ample line of cases to the effect that the state, and its agencies, are not liable for cost, interest and the like, unless the statutes of the state expressly so allow or provide.

That the general rule is as stated by the commission we do not call into question. The inquiry is whether in the precise case, or class of cases which we have now before us, the stated general rule applies.

As an approach to the questions raised by the motion, we may first determine whether the Highway Commission is liable for costs, when it avails of the statutory remedy in Eminent Domain. By Section 4998, Code 1930, the Highway Commission is authorized to condemn any land needed for its purposes and the section expressly provides that "the proceedings to acquire such lands by condemnation shall be in conformity with the statutes on the subject of 'Eminent Domain,' " and that "the amount of such compensation and damages, if any, awarded to the owner in such proceedings shall be paid out of the state highway 'construction fund.' " And it is to be noted that Sections 1493 and 1498 of the Code chapter on Eminent Domain provide that "the costs in all cases under this chapter shall be paid by the applicant."

In Deneen et al. v. Unverzagt et al., 225 Ill. 378, 80 N. E. 321, 8 Ann. Cas. 396, the building commission, an agency of the state, had been authorized to condemn land under the eminent domain statutes of the state, and the court said that inasmuch as the statute, authorizing the agency to resort to eminent domain, was without any

qualification or restriction, it gave the same rights, and subjected the state to the same liabilities, as private parties seeking to condemn for public use, and that the state was, therefore, liable for costs. We might conclude the discussion by announcing our concurrence in what was held in that case, and in the reasons therefor as stated therein.

But, as we did in respect to the merits, we place our decision upon the ample foundation of the self-executing provisions of Section 17, Const. 1890, which ordains that "private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law." And whatever diversity of opinion there may be in some jurisdictions, we align ourselves with those cases which hold, in support of the text 2 Lewis Eminent Domain (3 Ed.), Sec. 812, p. 1434, that as property cannot be taken or damaged without due compensation and as the amount of that compensation or for its damage must be ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn or who has damaged the property for public use, and that he or it should pay all the expenses which attach to the process; that there is not the full measure of due compensation required by the constitutional mandate if the owner is subjected to a diminution thereof by liability as to any part of the cost incurred in its ascertainment.

The property here in question was damaged without due compensation first being made to the owner, and the ascertained amount of the damage has not yet been paid to her. That the Highway Commission is liable for interest from the date of the ascertainment follows with equal reason as that which leads to the allowance against it of the costs. This question was recently determined in the case entitled In re Petition of State Highway Commissioner, 279 Mich. 285, 271 N. W. 760, in which many of the authorities are reviewed including cases from the Federal

Supreme Court, all holding that interest, even when a governmental agency is the condemnor, must be included in order to constitute compliance with the constitutional mandate of due compensation. And an illuminating discussion of the questions of cost and interest under the constitutional requirement of due or just compensation for property taken or damaged for public use, is found in Stolze v. Milwaukee, etc., R. Co., 113 Wis. 44, 88 N. W. 919, 90 Am. St. Rep. 833.

As to the allowance of the five percent upon the amount of the affirmed judgment, which the statute, Sec. 3387, Code 1930, denominates as damages, that question is more difficult of solution. In Tigner v. McGehee, 60 Miss. 242, it was said that this allowance is intended to penalize appellant for appealing from a proper judgment or decree. In Meek v. Alexander, 137 Miss. 117, 102 So. 69, 70, it was said that it "is in the nature of a penalty, or a condition of appeal, and affords also the basis of remuneration of the expense to the successful party"; and in Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127, the court held that the award is in the nature of compensation to the successful appellee for expenses incurred. In Davis v. Wilkins, 127 Miss. 490, 90 So. 180, it is said that the five percent damages constitute a condition of taking an appeal; that it is optional with the government whether it will appeal when a litigant, and that when the government appeals it stands therein on the same terms as any other litigant.

In this difficulty we have decided to recur to the holding illustrated in Deneen v. Unverzagt, supra, that when an agency of the state is authorized by statute, without any qualification or restriction, to condemn under the general statutes relating to Eminent Domain, the agency has thereby the same rights and is subject to the same liabilities as private parties seeking to condemn for public use, and this would carry the five percent on affirmance, as well as costs and interest.

Having determined that the Highway Commission is subject to judgment for the three items above discussed when it avails of the statutory remedy in Eminent Do-

main, is it any the less liable when it has damaged property for public use without first proceeding in the lawful way to condemn? To that question the same answer must be returned as that which was given in the main opinion herein on the merits. No advantage can be gained by the commission when it takes or damages without condemnation, as compared with its liability had it first proceeded as pointed out and required by the statutes.

Motion overruled.

**Roberds, J.**, delivered a partially dissenting opinion on motion to correct judgment.

I concur in the majority opinion holding appellant liable for costs and interest, but I do not think it is liable for the five percent damages on the judgment. Costs and interest are properly within Section 17 of the Constitution, providing that private property shall not be taken or damaged except on due compensation being first made to the owner, costs, because in protracted litigation the costs might approximate or exceed the value of the property taken, and the owner, to the amount of the costs he must pay, lacks just that amount of receiving due compensation for his property; interest, because the owner is either entitled to his property or the compensation therefor "first made" and the interest on the judgment is compensation to him for the property, either entirely taken or damaged, or the use of the money therefor not paid him.

But the five percent on the judgment is not compensation—it is a penalty on the unsuccessful appellant. Section 3387, Code of 1930, denominates it "damages." In Tigner v. McGehee, 60 Miss. 242, it was defined as a penalty, and in Meek v. Alexander, 137 Miss. 117, 102 So. 69, and Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127, 128, it was given the dual nature of a penalty on the unsuccessful, and compensation to

the successful litigant; and the Brewer case added "The statute, therefore, must be strictly construed against the claim of the successful party."

**Smith, C. J.,** delivered a dissenting opinion on motion to correct judgment.

I am of the opinion that this motion, or rather suggestion of error (Bacot v. Holloway, 140 Miss. 120, 134, 104 So. 696, 105 So. 739; Inman v. Travelers' Ins. Co., 154 Miss. 611, 122 So. 537), should be sustained. The action in which the judgment of the court below was rendered was not one of Eminent Domain in which the petitioning party, whether the state, its administrative agencies, or a private individual, or corporation, is charged by statute with the payment of the costs thereof, but is simply an action for damages against the State Highway Commission alleged to have been sustained by the appellee not as a result of the construction of a highway, but from the parking for a short period of time of road machines, belonging to the commission, by its employees on land owned by the appellee adjoining a highway.

Section 17 of the State Constitution which provides that "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law," is self-executing only to the extent that it prohibits the taking or damaging of private property for public use without compensation therefor being first made, thereby rendering ineffective any statute to the contrary. When the state or one on whom it has conferred the right of eminent domain desires to take or damage private property it can be executed only by requiring the owner to be first compensated therefor "in a manner to be prescribed by law"—in other words, in a manner prescribed by a statute enacted by the legislature of the state. In the absence of such a statute while the state and its administrative agencies are without

the right to take or damage private property for public use without first compensating the owner therefor, if the Constitution's prohibition is disregarded and compensation be not made before private property is taken or damaged for public use, the owner thereof, in order to recover his compensation or damages, must resort to a procedure authorized by a statute and to which the state by a statute has subjected itself and its administrative agencies either expressly or by necessary implication. Moreover, when the compensation or damages of the owner of the property has been ascertained in such a procedure, payment therefor by the state, or its administrative agencies, can be made only if and when the legislature of the state appropriates money therefor. I am unable to perceive what bearing Section 17 of the Constitution has on this suggestion of error.

The section of the Code under which this appellant is here taxed with the costs in the Supreme Court, and with damages for taking the appeal, is Section 3387 thereof, which provides that "in case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum." It will be observed that this is a general statute in which the state is not referred to either expressly or by necessary implication, and in a long, unbroken line of decisions beginning with Josselyn v. Stone, 28 Miss. 753, this court has continuously held that such statutes do not apply to the state or its administrative agencies. Such is the general rule elsewhere. "It is a general and well established rule, apart from statute, that costs are not recoverable from a state, in her own courts, whether she has brought suit as plaintiff or has properly been sued as defendant." 59 C. J. 332; 25 R. C. L. 418. The wisdom of this rule of construction is here strikingly apparent when applied to the penalty imposed

on an unsuccessful appellant, which is manifestly to discourage appeals, when an examination of the reports of the decisions of this court discloses the exceedingly large number of appeals by the highway department in cases in which erroneous judgment had been rendered against it and which the state would have had to pay except for the reversal of the judgments by this court. This was the rule of construction which this court acted on in Roberts, Sheriff, v. Federal Land Bank of New Orleans, 189 Miss. 898, 196 So. 763. Roberts, the appellant, had been taxed with court costs, but on suggestion of error, he was relieved therefrom for the reason, as the minutes of the court recite, that he was "interested only in his official capacity." .

What I have hereinbefore said applies with equal force to the appellee's claim to interest on the judgment recovered by her in the courts below. Section 1949, Code 1930, which provides for interest on judgments and decrees, is a general one making no reference to the state or its administrative agencies; and in Board of Supervisors of Warren County v. Klein, 51 Miss. 807, followed by a long and unbroken line of decisions, this court held that interest is a creature of the statute, and in the absence of a statute expressly so permitting cannot be imposed on the state or its administrative agencies. We are not here dealing with a judgment founded on a contract providing for interest which the state or one of its administrative agencies was authorized by a statute to make, but with a judgment founded on the commission of a tort.