220 So.2d 349 (1969)
LOWNDES COUNTY, Mississippi, DISTRICT 5
v.
MISSISSIPPI STATE HIGHWAY COMMISSION et al.
No. 45260.
Supreme Court of Mississippi.
March 17, 1969.
W.H. Jolly, Columbus, for appellant.
Joe T. Patterson, Atty. Gen., by Martin R. McLendon, Asst. Atty. Gen., Jackson, for appellees.
ETHRIDGE, Chief Justice.
Lowndes County brought this action in the Chancery Court of Lowndes County against the Mississippi State Highway Commission, appellee, and Bernie B. Beirman. The chancery court sustained the *350 Commission's general demurrer to the bill of complaint, and granted the county an interlocutory appeal to determine the controlling principles of law. Beirman is not a party to this appeal.
The bill of complaint charged as follows: The G M & O Railroad crosses U.S. Highway 82 by an overpass constructed and maintained by the railroad near the Town of Mayhew. On November 27, 1966, Beirman was operating his heavily loaded truck on this highway. The load was so high that it was impossible for the truck to be driven under the overpass, and Beirman knew at the time that his vehicle could not negotiate the crossing at that point. Nevertheless, he negligently drove it into the overpass, severly damaging it and blocking the highway to other traffic. Highway 82 is a part of the state highway system and under the jurisdiction of the commission. It was the commission's duty to maintain the road at this place, and subsequent to the negligent acts of Beirman, the commission, through its agents and employees, took over a 1.24 mile section of county-maintained road and used it for a detour, routing highway traffic over the county road. Traffic could have been directed around the overpass by way of other highways. Nevertheless the commission, by its agents, routed heavy vehicles with heavy loads over the county road, knowing full well that it was not built to support such traffic. The bill averred that these acts of the commission (through its agents) amounted to negligence for which the commission is liable, and that both defendants are jointly and severally responsible. After the detour was abandoned, the county repaired the road at a cost of $7480, for which it sought recovery.
The bill of complaint also averred that Code section 8034 makes it the duty of the highway department when abandoning a detour to replace it in as good condition as it was before its use as a detour, and that the commission had refused to repair the detour or to pay for the damages to it. Mississippi Code 1942 Annotated section 8034 (1956) provides:
The director is hereby authorized to close highways for construction purposes and in emergencies, and shall select, lay out, maintain and keep in as good repair as possible suitable detours, by the most practicable route, where same are necessary for the public convenience while any sections of said highways or roads are being improved or constructed or closed, and the director shall place or cause to be placed explicit directions to the traveling public during repair of said highway or road under process of construction; provided, however, that as far as practical roads already laid out shall be connected with and used for such detours.
The director is hereby authorized, subject to the approval of the commission, to enter into agreements, spread on the minutes of both boards, with the local road authorities of the county or counties in which construction or maintenance work is to be done, to pay all or any part of the cost of laying out or maintaining said detours. All expenses to the state of laying out and maintaining said detours shall be paid out of the state highway funds. The director is also authorized, subject to the approval of the commission, to make reasonable rules and regulations to keep highways under construction open to traffic where such action is deemed to be practical and desirable.
If any county-maintained road or municipally-maintained street is used temporarily as a part of a state highway detour, it shall be the duty of the highway department when said detour is abandoned as such to place the same in as good condition as said road or street was when its uses as a detour began.
Appellant concedes that the State Highway Commission is not liable in tort for the negligent acts of its employees and officers. State Highway Commission v. *351 Knight, 170 Miss. 60, 154 So. 263 (1934); Stewart v. State Highway Commission, 166 Miss. 43, 148 So. 218 (1933). The legislature has not waived the sovereign immunity of the commission for such acts. Miss. Code 1942 Ann. § 8038(r) (Supp. 1966).
Appellant argues that the last paragraph of section 8034 makes it the affirmative duty of the Highway Department to restore to its former condition a county-maintained road when it is used temporarily as part of a state highway detour; that the demurrer to the bill admits that the detour was used at the direction of commission agents and employees; and that, therefore, the commission is liable in damages for its failure to perform this duty.
Since appellants are seeking a money judgment, the commission's liability for damages is necessarily connected with the question of whether the statute evidences a legislative intent to waive sovereign immunity. The state and its governmental agencies are not subject to suit in the absence of statutory authority. Horne v. State Building Commission, 233 Miss. 810, 103 So.2d 373 (1958). Generally, a right to sue the state must be expressly granted by statute, and cannot be implied, at least unless the implication is clear and unambiguous. State v. Woodruff, 170 Miss. 744, 150 So. 760 (1933).
The first paragraph of section 8034 authorizes the director of the State Highway Department to close highways "in emergencies," and to establish suitable detours. The second paragraph authorizes the director, with approval of the commission, to enter into written agreements with county road authorities to pay all or any part of the cost of maintaining a detour. All costs for maintaining such detours under contract shall be paid out of the state highway funds. These funds, however, are protected from unauthorized obligations by a requirement that they must be authorized by the director with the commission's approval. The only exception would appear to be that referred to in paragraph one, by which the director is empowered to close highways in emergencies and to maintain detours.
In context, the first two paragraphs of section 8034 impose an authoritative control over commitments of highway department funds by requiring that either the director, or the director with approval of the commission, must commit state funds. The third paragraph, added in 1948, states that it is the duty of the highway department to replace a county-maintained road used as a detour. The question is whether this provision evidences a clear legislative intent to subject highway department funds to a suit by a county for the cost of restoring a temporary, emergency detour, which was not authorized by the director or the commission. We do not think it does.
This third paragraph is a general directive to the highway department to restore a temporarily used detour, but it must be read along with the remainder of the statute and the evident purposes of the legislature. A dominant purpose, expressly applicable to emergencies, is to place the responsibility upon either the director or the commission, or both, to make an authorization of a detour for which the commission's funds are liable. The bill of complaint charges that agents and employees of the commission routed highway traffic over the county road. It does not charge that the director (or even his district representative) authorized the detour. It does not charge that a representative of the director, under a general rule or order promulgated by him, set up the detour. The agent or employee of the commission could be one with very limited duties, such as a road foreman.
In addition, the last paragraph of section 8034 is not sufficient of itself to impose liability for damages upon the commission and its highway department funds, either expressly or by necessary implication. Although one may surmise that this might have been the legislative intent, the *352 statute must be construed in its entirety and from the terminology which was used.
Affirmed and remanded.
RODGERS, JONES, BRADY and INZER, JJ., concur.