SCOTT et al. v. UNITED STATES.

No. 13500.

United States Court of Appeals Fifth Circuit.

June 25, 1951.

Dale H. McKibben, Jackson, Miss., for appellant.

Fred W. Smith, Roger P. Marquis, Attys., Department of Justice, Washington, D. C., A. Devitt Vanech, Asst. Atty. Gen., Joseph E. Brown, U. S. Atty., Jackson, Miss., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

The United States instituted in the court below, on May 9, 1935, a proceeding in eminent domain to acquire for public use 3234.9 acres of land in Mississippi, including a tract in Lincoln County described as the "P. S. Scott tract, #368," containing 90.93 acres, which tract appellants contend was then owned by Catherine Scott, wife of P. S. Scott.

The petition for condemnation was amended July 12, 1936, to name Perlie S. Scott and his wife Catherine, as owners. They were personally served with process, Perlie S. Scott on July 8, 1935, and Catherine Scott on April 3, 1936. There was also constructive service by publication and posting on the land as to unknown persons and those not personally served. Final judgment by default was entered against the Scotts on May 15, 1936.

Nearly fourteen years later, on April 14, 1950, appellants as heirs of Catherine Scott, then deceased, filed in the condemnation suit a motion to set aside the judgment of appropriation as to the Scott tract, having previously failed to secure the same relief in a separate plenary suit instituted by her then guardian on June 30, 1945, which was dismissed on final hearing.

This appeal is from an order denying the above mentioned motion filed in the condemnation suit. The basis of said motion, and the contention here, is that the judgment in the condemnation suit is void as to

Catherine Scott because the service of summons upon her did not comply with the statutes of Mississippi respecting the service of process upon insane persons, so that the trial court lacked jurisdiction over her person.

Catherine Scott was adjudged a lunatic and placed in a Mississippi state hospital on July 11, 1929. She remained there until September 20, 1930, when she left the institution, contrary to medical advice, and returned to her home, being finally dropped from the hospital rolls one year later, September 20, 1931. She remained at home, living with her husband and under no physical restraint, until the condemnation suit was instituted nearly five years after she left the hospital. She continued to live at home until her death on July 28, 1948, almost eighteen years after she left the mental institution. No guardian was appointed for her until April 24, 1945, nine years after the service of process here in question, and two months before the institution by said guardian of the above mentioned plenary suit to set aside the judgment of appropriation. It does not appear that the supposed mental incompetence of Catherine Scott was brought to the court's attention in the condemnation suit, either by appellants, who are her husband and children, or otherwise.

Sec. 2765 of the Mississippi Code, 1942, being a part of the chapter on eminent domain, provides that if the owner of any land sought to be condemned is of unsound mind, the summons "may" be executed on his guardian. If there be no guardian in such case, the chancellor * * * "may" * * * appoint a guardian *ad litem* to represent such person.

Sec. 1864 of the Mississippi Code, 1942, relating to the service of process generally, provides that if the defendant be a person judicially declared of unsound mind, service of process "shall" be on him, and also upon his guardian, "if he have any." As stated, Catherine Scott was not under guardianship at the time process was personally served upon her, nor for nine years thereafter.

In Mississippi, as elsewhere, the law presumes sanity until the contrary is shown, the burden of proving insanity being upon him who asserts it, as sanity is the normal state. Lambert v. Powell, 199 Miss. 397, 24 So.2d 773, 168 A.L.R. 964; Hamilton Bros. Co. v. Narciese, 172 Miss. 24, 158 So. 467; Wherry v. Latimer, 103 Miss. 524, 60 So. 563, 642.

The trial judge correctly held that the affidavits filed with the motion, most of them in general and strikingly similar language, relating to the mental condition of Catherine Scott more than fourteen years before, were insufficient to overcome the presumption. Old age, weakening of the memory and understanding, and occasional eccentric acts are not of themselves sufficient evidence of incapacity. The test is the ability to know and understand the nature, character and effect of one's acts. Beckley Nat. Bank v. Boone, 4 Cir., 115 F.2d 513.

Even if Catherine Scott was *non compos mentis* at the time, service of process upon her in the manner above stated was in compliance with the Mississippi statutes. When an incompetent has no guardian, it is always good practice to appoint and serve a guardian *ad litem* when the fact of incompetence is made known to the court, as incompetents are regarded as wards of the court. But the Mississippi statutes do not mandatorily require the appointment of a guardian, nor do they make service of process upon a guardian an indispensable prerequisite to validity. Sec. 2765, supra, relating to eminent domain proceedings, is permissive. It provides that process "may" be served upon the guardian, and that if there be no guardian the chancellor "may" appoint a guardian *ad litem*. Sec. 1864, supra, relating to process generally, provides that process "shall" be served upon the incompetent's guardian, "if he have any." As no guardian had then been appointed for Catherine Scott, there was no guardian to serve. As she had left the mental institution five years previously, there was no occasion for substituted service upon the superintendent of the hospital as authorized by Sec. 1864, supra.

Moreover, the mere mental incompetency of a person does not preclude a

court from acquiring jurisdiction over his person, nor deprive it of the power to adjudicate his property rights. Quigley v. Cremin, 94 Fla. 104, 113 So. 892. Lack of proper representation of a mental incompetent does not of itself render a judgment against him void. Such a judgment is merely voidable, good until set aside on direct attack. Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So.2d 720. Even then, the judgment will not be set aside unless, in addition to insanity and lack of representation, a meritorious defense is *prima facie* shown. This is the rule in many states where there is a mandatory requirement that a guardian be appointed. Zaro v. Strauss, 5 Cir., 167 F.2d 218; Beckley Nat. Bank v. Boone, 4 Cir., 115 F.2d 513; Fernow v. Gubser, 10 Cir., 136 F.2d 971. See note 34 A.L.R. 221; 44 C.J.S., Insane Persons, § 151, page 325, *et seq.* Compare Bruce v. Bruce, 5 Cir., 263 F. 36.

■ No showing is here made that Catherine Scott had a meritorious defense to the condemnation suit, nor that she suffered any injustice in the valuation of her property therein. Neither does it appear that in the event of a new trial any different result is reasonably to be expected. Compare Huling v. Kaw Valley Ry. & Imp. Co., 130 U.S. 559, 9 S.Ct. 603, 32 L.Ed. 1045.

Affirmed.