Miss. State Highway Commission *v.* Peterson, et al.

No. 42021          November 20, 1961          134 So. 2d 743

*Matthew Harper, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

*Strong & Smith,* Louisville, for appellees.

McELROY, J.

This is the second time this case has come before this Court. This is an eminent domain proceeding on behalf of the State Highway Commission in Winston County against B. B. Peterson and others to condemn 1.24 acres more or less.

The petition was filed in November 1958, and the eminent domain court awarded the defendant the sum of $2,250. In January 1959, the circuit court awarded the amount of $4,200. This verdict was appealed to the Supreme Court and the opinion was rendered January 25, 1960, reversing and remanding the case on the grounds that the verdict was grossly excessive as to shock the enlightened conscience, etc., and that the damages had not been shown by the proper proof as to the

before and after taking value of the tract. 238 Miss. 63, 117 So. 2d 452. On remand the case was again tried, at the January 1961 term of the circuit court, and the defendant was awarded the sum of $4,000 damages. Thus this appeal.

The facts in this case are very much like the ones in the former trial.

The land is located fourteen miles northeast of Louisville in Winston County, Mississippi. The property contained a two-room house about fifty or sixty feet from the north right of way of highway 25. The former trial was before the road had been completed and this trial in 1961 was after the highway had been fully constructed. Three witnesses testified on behalf of the Highway Commission as to the value of the property before and after taking as follows:

| WITNESS: | BEFORE TAKING VALUE | AFTER TAKING VALUE | DAMAGES |
|---|---|---|---|
| C. D. Barnhill | $ 7,000.00 | $6,200.00 | $800.00 |
| J. L. Fulcher | 7,850.00 | 7,043.50 | 806.50 |
| R. C. Bussee | 10,412.00 | 9,721.00 | 691.00 |

The only witness testifying for the defendant was the defendant himself, and he made the following valuations: Before taking value, $12,000 to $15,000; After taking value, $5,000 to $7,500. He based his damages as follows: 1.24 acres worth $1,200; 2 shade trees, $1,000; well, $5,500, or a total damage of $7,700. No witnesses were introduced on behalf of the defendant as to the before and after value of the property. The defendant placed more value on the well than any other damage to him. His testimony was to the effect that the well was ten feet deep and before the highway was constructed, the water never got below two feet of the surface of the ground. After the construction of the highway the water got as low as one foot or less; that it was almost impossible to get a full bucket of water

from the well during the months of August, September and October. At times this well would run over the curb or had a steady flow out of the well. He stated that this was the only well in the community that had a spring in it. Part of the way it was walled up with brick and before the taking he could dip water out of the well without a rope. The land from the well to the highway dropped about five feet. There was a ditch dug by the highway to the south of his property and north of the highway about four feet. In other words, the bottom of the ditch was about on a level with the bottom of the well. The old highway had a ditch but the new highway ditch was built about sixty-five or seventy feet north of the old highway. He had never had any trouble with the well before the new highway was constructed. In the construction of the highway, the seepage was so bad that the big machines would bog or mire down and they made a fill there and this removed the condition of the well until they removed the fill. He dug this well thirty years before and he had a family of three children.

In the former trial he placed a value on the well of $5,000. In this case he placed a value of $5,500. In the former case he stated that they had ruined his well; that it had dropped around five feet. In this case he also stated that they ruined his well—that it fell within about one foot of the bottom of the well in the months of August, September and October, but he could use it the other nine months of the year.

■■ ■ From the evidence of the defendant, if the well had been completely destroyed, it is hard to tell the value of such a well as this, but this is not a case of the destruction of the well. It is only the reduced value of the well because there are nine months of the year the well is in useful condition. The jury certainly took into consideration the testimony that the well was worth $5,500 and must have based their verdict on the destruction of the well. There is no testimony by other witnesses

as to the comparative value of other lands in the community that had similar wells. The defendant's testimony was that when they filled the ditch during the construction of the highway the well was not injured. In other words, a culvert with a fill at the proper place would certainly remedy the situation, thus nullifying an absolute destruction of the use of the well at any time during the year. This is reasoned from the testimony of the defendant himself. The defendant gave no reason for giving his estimate of the before value and after value of the property. The test is the fair market value of the land before and after the taking and does not include the speculative and uncertain profits of values which may be derived from a business. There was no testimony as to any substantial reason to support and extremely high estimates of the value of any part of the property, especially due to the fact that there was no permanent destruction as to the well in question. See Miss. State Highway Commission v. Slade, 128 So. 2d 561. As was stated in Miss. State Highway Commission v. Ellzey, 114 So. 2d 769, no reasonable man in an impartial and objective search for truth could find damages in that amount in this case.

■■■ After a careful consideration of this record, we hold that the verdict of $4,000 is so grossly excessive as to evince bias, passion and prejudice on the part of the jury and cannot be affirmed by this Court. The judgment of the court is reversed and the cause is remanded for a new trial on damages unless within ten days from this date appellees enter a remittitur of $1,000, thus reducing the award to the aggregate sum of $3,000; in event appellees accept such remittitur, the judgment will be affirmed as modified. ■■■ All costs of this appeal and the former appeal, plus interest, will be assessed against the appellant. Miss. Code of 1942, Rec., Sec. 2767.

Reversed and remanded unless appellees accept specified remittitur; in that event, affirmed with remittitur.

*Lee, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.