RODGERS, Justice.
On January 31, 1966, this Court handed down its opinion reversing the judgment of the trial court in an eminent domain proceeding, for the reason that the verdict of the jury was excessive. We were precluded from suggesting a remittitur because the jury was not permitted to assess the value of the property as of the date when the application was filed. Since, therefore, the jury had not fixed the value of the property, this Court could not suggest a reduction of the verdict in the form of a remittitur of damages allowed appellants.
The Clerk of this Court entered a judgment against the appellees for the cost of appeal to this Court. The act of the Clerk was obviously based upon a previous opinion of this Court, Mississippi State Highway Commission v. Jacobs, 248 Miss. 476, *408 482, 160 So.2d 201, 161 So.2d 526 (1964). In that case this Court pointed out that in Mississippi State Highway Commission v. Herring, 241 Miss. 729, 133 So.2d 279, 895 (1961), and Mississippi State Highway Commission v. Slade, 241 Miss. 721, 133 So.2d 282, 896 (1961), the appellant, Mississippi State Highway Commission, was required to pay the costs on appeal where the judgments of the trial court were affirmed with remittiturs. In Jacobs, however, no judgment was entered. The case was reversed because the landowner introduced erroneous testimony and the cost was taxed against hm. The opinion in Jacobs is not applicable under the facts in the instant case for the following reasons. Jacobs was not an eminent domain proceeding, it was a suit brought by the landowner for damages alleged to have been inflicted upon the plaintiff because of closing an alley. The assessment of cost in Jacobs was governed by Mississippi Code Annotated section 1902 (1956).
On the other hand, there is no code section governing payment of costs of an appeal to the Supreme Court in an eminent domain proceeding. Mississippi Code Annotated section 2767 (1956) applies to appeals to the circuit court, and not the Supreme Court. This section is in the following language: “The costs in all cases under this chapter shall be paid by the applicant; but in case of appeal by the owner, if the amount awarded in the circuit court do not exceed that found in the special court, the owner and his sureties shall pay the costs incident to the appeal.”
Thus it is apparent that the cost of appeal to the Supreme Court would ordinarily be governed by the general laws in civil cases. At this point, however, we are confronted with a self-executing section of Mississippi Constitution 1890 section 17, which requires that “Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners *' * ■
It is obvious that if the landowner is required to pay the costs of appeal to the Supreme Court when the condemning agency has appealed, the owner will be paid less than due compensation for his property. Moreover, he would be required to pay costs before he could receive any compensation for his property, and if he could not pay the costs, he would receive nothing for his property. The constitutional requirement would thereby be nullified. The great weight of the general law is to the effect that the owner should receive his just compensation clear of any expense of the proceedings. He is presumptively entitled to the amount of the first award. His acts do not force the condemning party to appeal, and, if such party chooses to appeal, the appeal becomes merely another step in the process of ascertaining the just compensation, the total expense of which it should bear.
The textwriter in 18 Am.Jur., Eminent Domain, section 378 at page 1020 (1938) has this to say on the subject:
“In proceedings for the appropriation of land to the public use, the owners of the land are entitled to full compensation, without deduction for any part of the costs incurred in the ascertainment of the amount. These must be borne by the party seeking to take the property, in whatever court it institutes proceedings for that purpose. If, dissatisfied with the assessment, the condemner seeks to reduce the amount by an appeal to another tribunal, such appeal is but a continuation of his effort to have the compensation to be paid the owner for his property ascertained, and his costs on such appeal are in the same category as costs in the trial court. The usual provisions of statutes in regard to costs on appeals to the supreme court cannot be applied to cases of this kind, because to do so would deprive the owner of his constitutional right to full compensation, for his land.”
*409 It is said m 30 C.J.S. Eminent Domain § 445, at page 599 (1965):
“The rules regulating costs in civil actions and proceedings in general ordinarily apply in an action or proceeding by an owner with respect to property taken or damaged under an exercise of the power of eminent domain. It has been held that costs constitute a part of the just compensation to which the owner becomes entitled on obtaining a judgment against the taker, including costs incurred by him in fruitless endeavors to collect his award in the condemnation proceedings.”
See also 20 C.J. Eminent Domain section 507 at page 1133 (1920).
It is pointed out by the textwriter in Annotation, 50 A.L.R.2d at 1391 (1956) that Mississippi has aligned itself with the majority rule in the case of State Highway Commission v. Mason, 192 Miss. 576, 4 So.2d 345 (1941), 6 So.2d 468 (1942).
In Mason this Court leaves no room for doubt as to who will be required to pay the costs of court on appeal in eminent domain proceedings, wherein the Court said:
And whatever diversity of opinion there may be in some jurisdictions, we align ourselves with those cases which hold, in support of the text 2 Lewis Eminent Domain, 3rd Ed. § 812, p. 1434, that as property cannot be taken or damaged without due compensation and as the amount of that compensation or for its damage must be ascertained, the duty of ascertaining the amount is necessarily cast upon the party seeking to condemn or who has damaged the property for public use, and that he or it should pay all the expenses which attach to the process; that there is not the full measure of due compensation required by the constitutional mandate if the owner is subjected to a diminution thereof by liability as to any part of the cost incurred in its ascertainment.” 192 Miss. at 597, 6 So.2d at 469.
We have consistently followed Mason since the rule was established in that case. See Miss. State Highway Comm’n v. Peterson, 242 Miss. 202, 134 So.2d 743 (1961); Miss. State Highway Comm’n v. Herring, 241 Miss. 729, 133 So.2d 279, 895 (1961); Miss. State Highway Comm’n v. Slade, 241 Miss. 721, 133 So.2d 282, 896 (1961).
The motion of the appellees to re-tax the costs is hereby sustained, and the judgment in the above-styled cause will be corrected so as to require the condemner, Pearl River Valley Water Supply District, to pay the costs incurred in the Supreme Court on its appeal.
Motion to correct judgment sustained.
All Justices concur.