GILLESPIE, Presiding Justice.
This is the second appearance of this case in this Court. On a former appeal by the *920 Pearl River Valley Water Supply District, hereafter called District, the case was reversed because the damages awarded Floyd T. Brown and Amie Brown, hereafter called Landowners, unless otherwise designated, were excessive and unreasonable. Pearl River Water Supply Dist. v. Brown, 254 Miss. 685, 182 So.2d 384, 184 So.2d 407 (1966). In the former appeal this Court was of the opinion that the jury returned excessive and unreasonable verdicts for the following reasons: (1) The case was submitted to the jury on the erroneous theory that its verdict should be based on the valuation of the land as of the date of the trial, whereas the correct date for the fixing of values was the date of the filing of the eminent domain proceedings; and (2) The testimony of Landowners’ witnesses was speculative and fanciful, because they valued the land as being suitable for residential and commercial uses, when the proof failed to show a probability that the land would be used for such purposes in the immediate future.
On remand, the case was retried and the jury returned verdicts of $122,462 damages for the taking of the Floyd T. Brown land and $6,000 for the taking of Mrs. Amie Brown’s land, the judgments to bear interest at the rate of six percent from June 13,1962, as stipulated by the parties. The District again appeals to this Court, and contends that the verdicts of the jury were so excessive and unreasonable as to show bias and prejudice on the part of the jury.
Most of the facts concerning the several tracts of the two Landowners are stated in the former opinion of this Court. We add additional facts deemed necessary in view of the proof offered at the trial after remand. Tract “D” of the Floyd T. Brown property contains 61.8 acres and has a frontage of 1425 feet on Highway 43. More than 20 acres of this tract is not subject to overflow, and a substantial portion of the frontage on Highway 43 is not overflow land. None of the other tracts has access to the public road system except by permission of other members of the family. Tracts “B” and “C” of the Floyd T. Brown lands have frontage on a lake suitable for fishing camps. These two tracts are low lands subject to overflow.
The following appraisals were made by the witnesses for the District:
Name of Witness Floyd T. Brown Land Mrs. Amie Brown Land
Gus Noble $36,150 $1,450
S. E. Castles 35,250 1,500
Lee Henry Cotten 36,400 1,750
The Landowners ations on the land: offered eight witnesses, who placed the following valu-
Name of Witness Floyd T. Brown Land Mrs. Amie Brown Land
J. H. Wells $166,300 $11,200
Lewis Culley, Sr. 159,730 9,250
J. Leland Brown 230,850 11,150
W. D. Kernop 183,690 11,000
W. M. Phelps 182,140 8,000
Mr. Hillebert 204,100 10,000
A. D. Stewart 185,000 15,000
C. H. Galloway 200,000 10,000
*921 The three qualified witnesses for the District testified to the specific sales of sizeable tracts of land in the vicinity of the subject lands during the period of five years preceding the date this eminent domain case was filed. Some of these sales took place during 1961. According to witnesses, these sales involved tracts of land comparable to that of Landowners, and offered a rational basis for the testimony of the witnesses for the District.
Of the witnesses offered by Landowners, the first two in the above list were qualified by occupation and experience as expert appraisers. Most of the others were farmers who had some familiarity with land values.
After a careful study of the testimony in this case, and according the jury verdict every legal consideration, we are of the opinion that the verdicts are excessive because there is no testimony of substantial probative value to support the verdicts in this case. We have come to the conclusion that the verdict is unsupported by evidence having substantial probative value for the following reasons : (1) The witnesses for the Landowners did not base their values on sales of comparable lands similarly situated; (2) the proof overwhelmingly shows that most of the lands involved in this suit are low lands subject to overflow, and that the highest and best use of these low lands is for pasturage; and (3) all of the witnesses for the Landowners based their values on the assumption that all seven tracts had access to the public road system, when in fact only Tract D” had such access. In the former opinion this Court said:
All of the witnesses for defendants discounted the fact that six tracts of land here involved had no outlet to a public road. This opinion was based upon the theory that these defendants could .obtain right-of-way easements across lands belonging to other members of the Brown family. This theory overlooks the rule that the value of the land to be determined is the fair market value others would pay for the land without easement or right-of-way outlets across other lands. 254 Miss. at 696, 182 So.2d at 387
The case must be reversed because the verdict is not based on substantial evidence for the reasons already stated. The question arises whether this Court should give Landowners an option to have the case affirmed upon the entry by Landowners of a voluntary remittitur. In this respect the Court is in a somewhat better position than on the former appeal, when all valuations were erroneously fixed as the date of trial. The Court is of the opinion that if the judgment in this case had not exceeded $75,000 for the Floyd T. Brown lands and $4500 for Mrs. Amie Brown lands, we would have affirmed. Accordingly, if within ten days from the date this decision becomes final Floyd T. Brown enters a remittitur of $47,462 and Mrs. Amie Brown a remittitur of $1500, judgments will be affirmed for $75,000 and $4500 for the Floyd T. Brown and Mrs. Amie Brown lands, respectively, the judgments to bear interest at six percent per annum from June 13, 1962.
When this Court finds that it must reverse a judgment because it is excessive, it frequently gives the appellee an option to accept a reduced amount or to have the case retried. This practice has long found favor with this Court. It has been erroneously referred to as “entering a re-mittitur,” a term which does not correctly signify the nature of the Court’s action. It is an affirmance on condition. The Court does not require the appellee to accept a reduced amount. The option belongs to the appellee, who alone may determine whether to have a new trial or to have the judgment affirmed for a lesser amount. Bush Constr. Co. v. Walters, 250 Miss. 384, 164 So.2d 900 (1964).
Affirmed on • condition of remittitur; otherwise reversed and remanded for new trial.
RODGERS, PATTERSON, INZER and ROBERTSON, JJ., concur.