**William H. SHERWOOD, Administrator With Will Annexed of the Estate of Floyd T. Brown, Deceased, Plaintiff,**

v.

**PEARL RIVER VALLEY WATER SUPPLY DISTRICT, a Body Corporate and Politic Organized Under and Existing by Virtue of the Laws of Mississippi, 1958, Defendant.**

Civ. A. No. 4388.

United States District Court
S. D. Mississippi,
Jackson Division.

March 19, 1969.

---

John E. Dier, Person, Dier & Person, Holdrege, Neb., Dan M. Lee, Jackson, Miss., for plaintiff.

Clifford C. Chittim, L. Arnold Pyle, Watkins, Pyle, Edwards, Ludlam, Winter & Stennis, Jackson, Miss., for defendant.

NIXON, District Judge.

Plaintiff William H. Sherwood is administrator of the estate of Floyd T. Brown. In this action he attacks the validity of a state court judgment which upholds the taking of Floyd T. Brown's property by the Pearl River Water Supply District.

The plaintiff's basic contention is that Floyd T. Brown was non compos mentis at the time of the state court proceedings in which the validity of the taking of Mr. Brown's property was adjudged; and therefore that such proceedings denied Mr. Brown due process as guaranteed by the Fifth and Fourteenth Amendments.

The Water Supply District has filed a motion to dismiss, arguing that the principles enunciated by the Fifth Circuit in Scott v. United States, 190 F.2d 134 (5th Cir. 1951), dictate a summary dismissal of this action. The Court agrees.

The Water Supply District condemned 630.2 acres of property belonging to Floyd T. Brown and his family, all of which Floyd T. Brown himself originally owned and all of which has been operated as a single farming unit.[1] The Browns have contested the taking for over eight years in both the state and federal courts. The judgment which Floyd T. Brown's administrator attacks here is that of the Madison County Circuit Court denying a writ of prohibition, rejecting the Browns' argument that the taking here was for a private, rather than a public, purpose and thus violative of section 17 of the Mississippi Constitution which

---

1. See Brown v. Pearl River Valley Water Supply District, 249 Miss. 697, 163 So.2d 732, 732–733 (1964): "Floyd T. Brown owned all of this land [the 630.2 acres] until April 1960. At that time he conveyed 44.3 acres, more or less, to one son, J. Leland Brown, and 549.2 acres, more or less, to another son, F. Stanton Brown, and retained in his own name 204.1 acres, more or less. Shortly thereafter J. Leland Brown conveyed to his wife, Mrs. Amie Brown, ten of the acres conveyed to him by his father."

prohibits taking of private property for non-public use. The Mississippi Supreme Court affirmed the Madison County Circuit Court in Brown v. Pearl River Valley Water Supply District, 249 Miss. 697, 163 So.2d 732 (1964).

The writ of prohibition trial consisted of a consolidation of three cases involving members of the Brown family, including Floyd T. Brown's suit. Through stipulation, the testimony and evidence in yet a fourth case involving members of the Brown family, J. Leland and Mrs. Amis Brown, and this same 630.2 acre tract were incorporated in the record of the consolidated writ of prohibition suits. In the companion case, involving J. Leland and Mrs. Amis Brown, the Mississippi Supreme Court had found the taking to be for a public purpose. Pearl River Valley Water Supply District v. Brown, 248 Miss. 4, 156 So.2d 572, 158 So.2d 694 (1963), cert. den., Brown v. Pearl River Valley Water Supply District, 376 U.S. 970, 84 S.Ct. 1136, 12 L.Ed.2d 84 (1964).

In each of these proceedings all members of the Brown family were represented by the same attorneys and these attorneys, plus one, represent Floyd T. Brown's administrator in the present action. Having been rebuffed by a federal district court, the Fifth Circuit, the Madison County Circuit Court twice, the Mississippi Supreme Court twice, and the United States Supreme Court—always on essentially the same question as to the public vs. private purpose of the taking— the Brown attorneys are back in Court, this time on behalf of the estate of the progenitor of all the Browns who have litigated the taking of the 630.2 acre tract. They acknowledge the controlling weight to be accorded the *Scott* case, *supra*, by devoting much of their brief to distinguishing it from the instant case. In *Scott*, the Fifth Circuit said:

"The mere mental incompetency of a person does not preclude a court from acquiring jurisdiction over his person, nor deprive it of the power to adjudicate his property rights. * * * Lack of proper representation of a mental incompetent does not of itself render a judgment against him void. Such a judgment is merely voidable, good until set aside on a direct attack. * * * Even then, the judgment will not be set aside unless, in addition to insanity and lack of representation, a meritorious defense is *prima facie* shown." 190 F.2d at 137.

Assuming the correctness of the allegations as to Floyd T. Brown's incompetency and his lack of representation in the state court proceedings. by a court-appointed guardian, *Scott* still requires of plaintiff a prima facie showing of a meritorious defense if the state court judgment is to be set aside. This Court finds the plaintiff's case wholly deficient in this regard. The plaintiff renews the now worn argument that the taking was not for a public purpose and suggests that the taking constituted a denial of equal protection of the laws to Floyd T. Brown. This Court is not willing to rehash these questions after the exhaustive—and what it considers conclusive—litigation of these questions in the prior litigation involved as to this property, including the refusal of the U. S. Supreme Court to grant certiorari.

However, this Court need not base its decision solely on the *Scott* case and plaintiff's failure to show a meritorious defense. Although Floyd T. Brown was not represented by a guardian, his interests were vigorously advanced in the state court proceedings. His attorneys—the same ones who represent his estate here—were present and surely advanced every defense possible to the taking; his case was consolidated with two others involving members of his family, both of which involved parties competent at the time of trial and whose interests were identical with those of Floyd T. Brown; a companion case was prosecuted by J. Leland and Mrs. Amis Brown, whose interests also were identical with those of Floyd T. Brown, and in which case the Madison County Circuit Court and Mississippi Supreme Court reached similar results as in Floyd T. Brown's suit. All these suits involved

property carved from a single tract originally owned by Floyd T. Brown and which continued to be operated as a single farming unit; and in each of the cases the same attorneys who represent Floyd T. Brown's administrator here represented the particular member of the Brown family involved. It is hard for the Court to visualize such a difference in issues or problems of representation between the suit of Floyd T. Brown and those of other members of the Brown family that any defense available to Floyd T. Brown would not have been raised and fully aired. In short, this Court is convinced that Floyd T. Brown's incompetence at the time of trial, which this Court assumes to be the fact, had no effect whatsoever on the ultimate outcome of the litigation as to the validity of the taking of his property. Under such circumstances, this Court finds no denial of due process in proceeding without the alleged incompetent.

The motion of the defendant to dismiss will therefore be granted. A judgment accordingly may be presented.