William H. SHERWOOD, Administrator Will Annexed of the Estate of Floyd T. Brown, deceased, Plaintiff-Appellant,

v.

PEARL RIVER VALLEY WATER SUPPLY DISTRICT, a Body Corporate and Politic Organized Under and Existing By Virtue of the Laws of Mississippi, 1958, Defendant-Appellee.

No. 27820.

United States Court of Appeals, Fifth Circuit.

June 19, 1970.

John E. Dier, Holdregen, Neb. (Lead Counsel), Dan M. Lee, Jackson, Miss., William H. Sherwood, Oxford, Neb., for appellant.

L. Arnold Pyle, Clifford C. Chittim, Jackson, Miss., for appellee.

Before JONES, BELL and GODBOLD, Circuit Judges.

PER CURIAM:

The facts of the case giving rise to this appeal are set forth in the reported opinion of the district court. Sherwood v. Pearl River Valley Water Supply District, S.D.Miss.1969, 301 F.Supp. 61. In their contentions before this Court, as in the district court, both parties rely upon Scott v. United States, 5th Cir. 1951, 190 F.2d 134. This Court is of the opinion, as was the district court, that the Scott decision supports the appellee's contentions rather than those of the appellant. All of the questions in this controversy have been, or should have been, fully litigated in prior actions.

The judgment of the district court is affirmed.

GODBOLD, Circuit Judge (dissenting):

I am unable to join my colleagues in their disposition of this case.

As one of the grounds for relief against a state court judgment of condemnation, the appellant administrator alleged that by eminent domain, and by deed under threat of eminent domain, the defendant Water Supply District acquired all land within a quarter of a mile of the perimeter of the reservoir created by it "with the exception of lands belonging to or were acquired [sic] by officers, employees and promoters of the defendant District, which were allowed to remain in their hands for private development," so that the action of the District in condemning the land of the decedent as necessary for a public purpose was a denial of equal protection under the Constitution of the United States.

It was alleged that at the time of the state judgment of condemnation the decedent was living but was incompetent. The Water Supply District sought dismissal of the complaint in the instant case on grounds of lack of jurisdiction and failure to state a claim. The District Judge dismissed on the ground of res judicata. He considered the equal protection claim in the context of whether it was a meritorious defense under Scott v. United States, 190 F.2d 134 (5th Cir. 1951), which held a judgment against an incompetent merely voidable and subject to being set aside only if, in addition to insanity and lack of representation, there is a showing prima facie of a meritorious defense. He disposed of the equal protection claim in this paragraph:

Assuming the correctness of the allegations as to Floyd T. Brown's incompetency and his lack of representation in the state court proceedings by a court-appointed guardian, Scott still requires of plaintiff a prima facie showing of a meritorious defense if the state court judgment is to be set aside. This Court finds the plaintiff's case wholly deficient in this regard. The plaintiff renews the now worn argument that the taking was not for a public purpose and suggests that the

taking constituted a denial of equal protection of laws to Floyd T. Brown. This Court is not willing to rehash these questions after the exhaustive—and what it considers conclusive—litigation of these questions in the prior litigation involved as to this property, including the refusal of the U. S. Supreme Court to grant certiorari.

The District Judge erred in considering res judicata as an issue. It is not a defense under Rule 12(b), Fed.R. Civ.P., but an affirmative defense that must be raised under Rule 8(c). Iacaponi v. New Amsterdam Casualty Co., 379 F.2d 311 (3d Cir. 1967); Johnson v. Mississippi Valley Barge Line, 34 FRD 140 (W.D.Pa.1963). Raising res judicata by motion rather than answer has been allowed in some instances where its existence may be adjudged on the face of the complaint. Iacaponi v. New Amsterdam Casualty Co., *supra*; *Cf.*, Guam Investment Company v. Central Building, Inc., 288 F.2d 19 (9th Cir. 1961). But in this instance it was not raised in any manner.

The plaintiff attached to his complaint as exhibits reported and unreported state and federal decisions concerning this long controversy.[1] They reveal that the Brown family has attacked the condemnation authority of the District on the grounds that the takings are not for public use, and that there have been trials and appeals on valuation. None of the attachments shows that the equal protection question has ever been raised or litigated in any court. No records of any of this prior litigation, state or federal, were brought before the court as evidence or by summary judgment procedures. The motion to dismiss was unsupported by extrinsic documents.

[B]efore an action may be summarily dismissed on the ground of res judicata the ends of justice require as a minimum that the defense of res judicata appear from the face of the complaint or that the record of the prior case be received in evidence.

Guam Investment Company v. Central Building, Inc., *supra*, at 24. Compare Florasynth Laboratories v. Goldberg, 191 F.2d 877 (7th Cir. 1951) in which the motion to dismiss raised res judicata as a defense and described the former litigation, which occurred in the same court, and the trial judge had before him the opinion, findings and conclusions and entire record of the prior case.

Turning to the merits of the res judicata defense, on what is before us it appears that the District Judge mistakenly thought that he would be "rehashing" something previously decided. As already pointed out, none of the attachments to the complaint show prior litigation of the equal protection claim.

My brothers in this court seek to salvage the result by a four-word parenthetical phrase to the effect that if the

---

1.  (1) Brown v. Pearl River Valley Water Supply District, 292 F.2d 395 (5th Cir. 1961), affirming on ground of abstention the dismissal by the District Court of an action to enjoin all condemnations by the District on the ground that the taking was not for a public use.

(2) Brown v. Special Court of Eminent Domain, (Circuit Court of Madison County, Mississippi) denying petition for a writ of prohibition against condemnation, sought on the ground that the taking was not for a public use.

(3) Brown v. Pearl River Valley Water Supply District, 249 Miss. 697, 163 So. 2d 732 (1964), affirming the foregoing decision, with modification.

(4) Pearl River Valley Water Supply District v. Brown, 254 Miss. 685, 182 So.2d 384, corrected 184 So.2d 407 (1966), reversing for excessiveness a jury verdict in the condemnation proceeding.

(5) Pearl River Water Supply District v. Brown, 202 So.2d 919 (Miss., 1967) affirming the jury verdict entered on remand on condition there be a remittitur, otherwise reversing and remanding for new trial for excessiveness.

(6) Pearl River Valley Water Supply District v. Brown, United States District Court, S.D.Miss., # 4238 and 4238, (1968) remanding the state condemnation case to state court after removal, for want of diversity.

(7) Also attached were various documents from Mississippi and Nebraska courts having probate jurisdiction, relating to decedent's estate.

question hasn't been litgated it should have been. The District Court gave no such reason. It first appears at the appellate level. If "should have been litigated" is to be considered as a basis for tossing a plaintiff out of court, it is all the more compelling that he be told of the contention by answer or motion, and the litigation identified, so that he has an opportunity to present, and support, his understanding of the scope and effect of the prior proceedings. On the merits of "should have been," there is no record on which this court can decide it. We know no more than the District Court. For example, for all we know from what is before us, some or all of the acts constituting the alleged denial of equal protection may have occurred after the litigation wherein my brothers say the plaintiff should have fully litigated the issue, or may have occurred at such times and under such circumstances that raising them for the first time in this case is allowable.

I do not imply that plaintiff's charges either have merit or lack merit. But he is entitled to present them if he desires and to have them considered under appropriate legal standards. To date he has been swept out of court on motion to dismiss, by a Rule 8(c) defense, which sometimes can be raised by motion but in this case was not, and when raised by the District Court was erroneously decided on what was before it. And in this court he is left without remedy by an alternative construction of the 8(c) defense raised for the first time at the appellate level and not supported by the record.

I respectfully dissent.