BRADY, Justice:
This is an appeal from the Circuit Court of Madison County, Mississippi, wherein the appellants’ lands were taken in an eminent domain proceeding by the Pearl River Valley Water Supply District for use in the Pearl River Reservoir. The jury returned a verdict in favor of the appellant Floyd T. Brown in the amount of $78,800 and for the appellant Mrs. Amie Brown in the amount of $6,750. From this verdict an appeal is taken.
The pertinent facts in the eminent domain proceedings in this cause are amply stated in the former and companion cases between these parties, said cases being: Pearl River Valley Water Supply District v. Brown, 202 So.2d 919 (Miss.1967); Pearl River Valley Water Supply District v. Brown, 184 So.2d 407 (Miss.1966); Pearl River Valley Water Supply District v. Brown, 254 Miss. 685, 182 So.2d 384, 184 So.2d 407 (1966); Brown v. Pearl River Valley Water Supply District, 249 Miss. 697, 163 So.2d 732 (1964); Pearl River Valley Water Supply District v. Brown, 248 Miss. 4, 156 So.2d 572, 158 So.2d 694 (1963).
Three errors are assigned by the appellant, two of which challenge the jurisdiction of the Circuit Court of Madison County and of this Court. The third error urged by appellant is that the verdicts in both cases are so inadequate and against the “weight of the evidence as to evince passion and prejudice and to shock the enlightened conscience.” This was a hard fought, well tried case, not devoid of intense feeling on the part of the attorneys representing the litigants. This is the third time these two particular cases have been before this Court on the merits, and the sixth time that the Brown lands have been in litigation in this Court since 1962, a period of eight years.
The errors committed in former trials of these two causes in either the eminent domain court or the circuit court where trials de novo were held, in our opinion, are not present in the case at bar.
Although the appellant urges the inadequacy of the verdicts rendered and the judgments entered thereon, the appellee, in counsel’s oral argument, concedes that the judgments are fair and reasonable which appellee formerly disputed. See Pearl River Valley Water Supply District v. Brown, 202 So.2d 919 (Miss.1967).
Appellee does contend on its cross appeal that the court erred in allowing interest on the judgments from June 13, 1962. The record and proof in the case disclose that in June 1966, by stipulation, it was agreed that the cases would be consolidated for trial and that interest on any judgments obtained should begin to accrue on June 13, 1962.
On cross appeal appellee contends that the interest due on the judgments began to accrue on June 10, 1969. On June 13, 1969, the appellee deposited in the circuit court, with permission of that court, the amounts obtained by the appellants in their judgments amounting to $78,800 payable to *295 Floyd T. Brown and $6,750 payable to Mrs. Atnie Brown. Appellee asserts that the 6% interest due on the judgments should be computed from the date of the last judgments rendered herein on June 10, 1969. We hold that the interest began to accrue, as agreed upon in the contract and stipulation of the litigants, from the date of taking as specified in the stipulation, being June 13, 1962, at 6% per annum. It should be noted that on June 13, 1969, three days subsequent to the rendition of the judgment by the circuit court on June 10, 1969, the petitioner filed a motion in the Circuit Court of Madison County seeking an order authorizing the clerk of said court to disburse from the money deposited with him by the petitioner the sum of $78,800 together with interest thereon at the rate of 6% per annum from June 13, 1962, to the date of this order. A similar petition and prayer was filed on June 13, 1969, praying for an order authorizing the Circuit Clerk of Madison County to disburse from the money deposited with him by the petitioners the sum of $6,750 together with interest thereon at the rate of 6% per an-num from June 13,1962, to the date of this order. These petitions and the orders based thereon demonstrate that the appellee by his order admits that the interest should run from June 13, 1962, to the date of the order, being June 13, 1969. This issue was decided in Pearl River Valley Water Supply District v. Wood, 252 Miss. 580, 172 So.2d 196 (1965), wherein we held:
The appellee had nothing to do with the institution of these two suits, but agreed to the consolidation, thereby relinquishing valuable legal rights. This the appel-lee had a right to do. The right to contract is a valuable one and parties are at liberty to contract as they will and bind themselves accordingly, provided the contract is not in violation of law, or contrary to public policy. It was of benefit to the appellant to consolidate the cases, since only one trial would have to be held, and there would be only one verdict by a jury. This is valuable conservation of time and expense. These same considerations were of benefit to the appellee also, who was relinquishing her right to a second trial by another jury at a different time to a different part of her homestead. The appellant and appellee, the contracting parties, agreed upon certain basic facts essential to the consolidation of the two suits and, under the title of “Stipulation,” the parties waived in writing legal contentions which could have been asserted in the trial of the two suits and rights based thereon. (252 Miss. at 592-593, 172 So.2d at 201.)
Here in the case at bar, as stated in the Wood case, supra, the parties entered into a solemn contract as to when the interest should accrue and the parties are bound by this contract.
We hold that jurisdiction was acquired and retained by the Eminent Domain Court and by the Circuit Court of Madison County, where its jurisdiction was unquestioned in the former trials since 1962. There is no merit in the appellant’s first two assignments of error, that neither the circuit court or this Court acquired jurisdiction.
While this case appeared at one time to have the durability of Tennyson’s “Brook,” it has been at last terminated and the property owners at last can receive, after eight years of litigation, just and reasonable compensation which we hold the judgments to afford, and not to evince “passion and prejudice.”
Pearl River Valley Water Supply District, cross appellant, is not correct in its contention that the interest shall be com *296 puted from June 10, 1969, the date of the last judgments. The interest runs from the date of the filing of the condemnation proceeding in accordance with the terms of the mutual agreement and stipulation as was held in Pearl River Valley Water Supply District v. Wood, supra. The tender was at best a qualified tender. It follows that interest on the judgments is due and payable from June 13, 1962, until paid.
For the foregoing reasons, the judgment of the circuit court is affirmed on appeal and cross appeal.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.